The cause stood continued to this term for the consideration of this motion ; and now the opinion of the Court was delivered by
Parker, C. J.
The original action being founded upon the trustee process, in which judgment was rendered at * the Court of Common Pleas, a writ of error is brought to reverse that judgment. Although the judgment, as certified to us, is clearly erroneous, for the cause assigned, we have delayed reversing it, that opportunity might be had to apply to the Court below for permission to the officer to amend his return, he having made an affidavit that he did in fact leave a summons witn the principals, as the law requires.
It is understood, that such an application has been made to the Court of Common Pleas, and that it has been refused ; and a motion is now made to this Court, either to allow the return to be amended here, or for a mandamus to the Court of Common Pleas, requiring them to allow it.
But we are all of opinion, that the motion cannot prevail in either respect. Without deciding whether this Court has authority to allow amendments in the return of officers to precepts which issued from, and were returnable to, another court, provided such court should improperly refuse them ; we are satisfied, that this case was peculiarly within the discretion of the Court of Common Pleas, and that we have no reason to question the correctness of their decision. Indeed, if the precept had originally issued from this Court, we are inclined to think, that we should not, so long after the transaction, permit the officer to alter his return. More than six years have elapsed since the return was made ; and the deputy sheriff now offers to insert an essential fact, the omission of which may render him liable to an action for damages. It would be unsafe to expose officers to so much temptation.
*222 At the same term in which a precept is returnable, to correct a mistake or omission may be highly proper ; but for an officer to undertake, six years after a defective return, to know with certainty the performance of a particular duty, when he is daily and hourly performing similar duties upon different persons, is more than can be expected of men, however strong their memory. In the cases cited, where amendments have been permitted, there was something on the record, by which the correction could be * made ; and in such cases there can be no difficulty.
Such was the fact in the case of Bishop vs. Hall, referred to by Chief Justice Dana.
As the amendment cannot be made, and the error assigned is a fatal one, the judgment must be reversed.

Judgment reversed