## REUBEN LIBBEY vs. JONATHAN COPP.

The return of an extent of an execution upon land must state, that the appraisers are resident in the county; otherwise nothing will pass by it.

After sixteen years from the time, when an extent was made, the sheriff cannot be permitted to amend his return.

THIS was a writ of entry, in which the demandant counted upon his own seisin of land in Wolfborough, in this county. The cause was submitted to the decision of the court, upon the following case.

The demandant, *Libbey*, being seized of the demanded premises, one *Benjamin Hoit*, under whom the tenant claims, having sued out an execution against the demandant, for $130 70, debt, and $36 24, costs, on the 11th July, 1807, caused the same to be extended upon the demanded premises, as follows.

"Strafford, ss. July 11, 1807. Then *Benjamin Young*, "*S. W. Horn*, and *Ichabod Libbey*, made solemn oath, faith- "fully, &c. Before me,

"I. ORNE, Jus. Pacis."

"Strafford, ss. July 11, 1807. We, the subscribers, be- "ing appointed, &c., have appraised and set off to the with- "in named *Benjamin Hoit*, to satisfy this execution in full, "the following tract or parcel of land, situate in Wolf- "borough, in said county, containing forty-three acres ; "bounded, &c., amounting to $171 75 ; which land was "shewn to us by the creditor ; and we have appraised and "set off the same, as the estate of the within named *Libbey*, "to satisfy this execution in full, with fees of levying ; as "witness our hands.

"S. W. HORN,

"ICHABOD LIBBEY."

"Strafford, ss. July 11, 1807. By virtue of this execu- "tion, I, at the request of the within named *Hoit*, have "levied this execution on the tract or parcel of land above "described, and set out by metes and bounds, and delivered "him, the said *Hoit*, full seisin and possession thereof, by "turf and twig, after having the same appraised by three "men, under oath, and freeholders ; one of whom was ap- "pointed by the plaintiff, one by the defendant, and the "other by myself, the whole sum amounting to $171 28 ;

" and I return this execution satisfied in full, debt and cost,
" by order of the plaintiff.

"E. HOIT, D. Sheriff."

And it was agreed by the parties, that if the court should be of opinion, that the title of the demandant passed by said extent, judgment should be rendered for the tenant; otherwise judgment to be entered for the demandant.

*Mason* and *Peabody*, for the demandant.

*Bartlett* and *Orne*, for the tenant.

*By the court.*—It is well settled, that nothing will pass by an extent of an execution upon land, unless every thing, required by the statute to make a valid extent, is expressly stated, or necessarily implied in what is stated in the officer's return. The statute of February 15, 1791, sec. 3, declares, that the appraisers shall be reputable freeholders and resident in the county in which the land is. As the officer's return, in this case, does not state that the appraisers were resident in the county where the land is, it is very clear, that nothing passed by this extent. 2 *Mass. Rep.* 154, *Eddy vs. Knapp.*—14 *ditto* 20, *Williams vs. Amory.*

When the court had delivered this opinion, the tenant moved the court to permit the officer to amend his return upon the execution.

*By the court.*—Whether this return can be now so amended, as to make the extent valid, is a question upon which we express no opinion. To avail the tenant in this case, it must not only be made valid by the amendment, but by relation valid, from the time when the extent was made. For if the land does not pass, until the amended return be recorded, the extent cannot be deemed a good defence to this action. Nothing has now passed by this extent. The tenant's debt remains unsatisfied, and he may enforce the payment of it by an action of debt upon his judgment. He is in possession of the land without any legal title; and the demandmant has rightfully commenced this action, to gain possession of his inheritance. The effect of this amendment, then, if it can have any legal effect, will be to defeat an action rightfully commenced. In such a case, we could not permit an amendment, unless all the demandant's costs were paid, and all

Libbey
<br>*vs.*
<br>Copp.

the tenant's costs relinquished, up to the time of the amendment. And, under any circumstances, it would be our duty to pause, before we permitted an amendment, drawing after it these consequences. But the circumstances of this case leave no room to doubt, as to the course we ought to pursue. It is now sixteen years since this extent was made. If, after so great a lapse of time, we permit officers to amend their returns, however false the amended return may be, it will often be impossible to prove it to be so. In the case of *Thatcher vs. Miller*, (13 *Mass. Rep.* 270,) the supreme court of Massachusetts thought an amendment of a return ought not to be permitted after six years. In this case, it is very possible, that the residence of the appraisers may be easily ascertained, and truly returned ; but in other cases, it might be very difficult to ascertain, where particular individuals resided sixteen years ago. If, however, we permit the amendment in this case, we must in other similar cases ; and the practice may lead to very serious inconveniencies. We are not aware, that an amendment of this kind has ever been permitted, after so great a lapse of time ; and feel ourselves bound to overrule the motion. It is therefore the opinion of the court, that there must be

*Judgment for the demandant.*