IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF PENOBSCOT,

ARGUED JUNE TERM, 1847.

---

## JOSEPH M. WHITTIER *versus* ELLIOTT G. VAUGHAN.

By the stat. 1829, c. 431, " the estate, right, title and interest which any person has by virtue of a bond or contract in writing, to a conveyance of real estate upon condition to be by him performed," is liable to be attached and held after as well as before the condition has been performed, where no deed was given prior to the attachment.

In making sale of such interest on execution it is not necessary for the officer to return, that he had given a deed to the vendee under his sale. It is sufficient, that it appears he had done so by the production of the deed itself.

Amendments of his return of a sale of such estate, right, &c. on execution, may be made by an officer, by leave of court, no rights of third persons intervening, if before they were made the party, on looking at the return as it was, could not have misunderstood, that the proceedings by the officer had been substantially what the amended return shows them to have been.

No precise form of words is necessary in a notice to account, &c. It is enough if it be such, that it cannot mislead the party, or leave him in any doubt of the object of it.

BILL in equity. The plaintiff alleges, that in March, 1838, the defendant was the owner of a lot of land in Elliotsville, and on the third day of that month gave one James True a bond, conditioned to convey the same to True, his heirs or as-

signs, " provided that said True should clear and discharge from an attachment made by J. P. B. a certain lot of land in Bangor, which had been by him conveyed to said Vaughan, and should not permit any attachment upon the same to become effective," and " clear the same from all incumbrances ;" that on the 16th of March, 1839, Whittier, the plaintiff, attached True's right to the lot under the bond and his right to a conveyance of the same ; recovered judgment against True in May, 1840, took out his execution, and caused the same right to be sold on the execution in August, 1840 ; and that the plaintiff became the purchaser and received a deed from the officer.    The plaintiff alleges, that before the filing of the bill, the condition of the bond had been fully performed ; that Vaughan was fully notified of the plaintiff's attachment prior to April 24, 1839 ; that afterwards, on that day, Vaughan conveyed the lot to Proctor ; that Proctor re-conveyed the same to Vaughan ; and that Vaughan had been requested to give a deed to the plaintiff, and had refused.

The defendant, in his answer, denied any knowledge that the plaintiff " had any title and interest in said bond, or in or to the estate aforesaid, of such a nature as to interfere with or in any manner to abridge or control or modify this respondent's right to make a conveyance according to the condition of said bond" ; that the condition of the bond was fully performed ; that supposing he was under the necessity of conveying the lot to True, he did convey to his assignee, Knowles, who conveyed to Proctor and Proctor to Vaughan.    " And the respondent says, that long before the complainant's execution was taken out, the right and interest of said True by virtue of the said bond, had ceased to exist, and the bond had been taken up, and the conveyance of the land made in pursuance of the condition thereof.    And he further says, that at the time said notice was given him by the complainant, there was no sum of money or amount due, or condition remaining to be performed from or by said True ;" and that there was no legal sale of any right to the said bond on the complainant's execution.

The officer, by leave of court, amended his return in several particulars. As originally made, it read at the beginning, after the date — " In obedience to this writ of execution I have taken all the right and equity of redemption." This was amended by striking out the words —" and equity of redemption," and inserting in their place the words — title and interest by virtue of a bond from Elliott G. Vaughan, to him, said True." As it was originally, the return said that he advertised — " to be sold on the 18th day of August, then next, at one of the clock in the afternoon, and the said real estate," &c. An amendment was made by inserting between the words " afternoon" and " and" the words — " at the inn of E. R. Favor, in Dover, in said county." Some less material amendments were made.

There was evidence tending to prove, that Vaughan had notice of the attachment before any conveyance made by him.

This case was very fully argued in writing. The arguments are too extended for publication.

H. Warren, for the plaintiff, contended that actual notice to Vaughan of the attachment was proved by the evidence. And that no notice of it was necessary to be proved, other than the recording required in all cases of attachments of real estate, and which existed in this case. The obligor had the same notice by the record, which a purchaser has of attachments.

The attachment, by the statute, immediately divests the obligee of the right to take a conveyance, and a deed made to him after the attachment cannot convey a valid title against the attaching creditor. Nor has the obligor any power to destroy the right given by the statute, by making a conveyance. It would be like canceling a bond, which has been held not to be sufficient to destroy the right acquired by the creditor. Jameson v. Head, 14 Maine R. 34.

The course taken by the creditor in selling the right of the debtor, although the obligor had given a deed after the attachment and after notice of it, cannot destroy the rights of the attaching creditor. Aiken v. Meder, 15 Maine R. 157.

The statute makes the debtor's right to have real estate con-

veyed to him by virtue of a bond, attachable at any time before the conveyance is made. If it were not so, the debtor might protect his property from attachment for any length of time by merely refusing to take a deed.

The return of the officer, as originally made, was sufficient. If there was any defect, it was merely the omission of the place where the sale was made. The other parts of the return show the place, and that is enough.

But the amendments, by permission of Court, remove all doubts as to the sufficiency of the return. They were fully authorized by the authorities. *Spear* v. *Sturdivant*, 14 Maine R. 263; *Fairfield* v. *Paine*, 23 Maine R. 498.

The production of the deed itself, with the record of it, was the best evidence, that the deed had been made and delivered.

*J. B. Hill*, for the defendant, said that attachments did not exist at common law, and could be effectual only when authorized by statute. 17 Mass R. 196.

He then gave a history of the legislation in relation to attachments. Referred to the Province laws of 1647, 1696, 1712, 1759; Mass. stat. of 1784 and of 1799; and the Maine stat. of 1821, c. 60, and of 1829, c. 431.

Before the last of these acts, two important rights and interests in and to real estate remained, which could not be attached. 1. The right of a debtor to a conveyance by virtue of a bond or contract in writing *upon condition by him to be performed*. 2. The right to a conveyance by virtue of a bond or written contract, either originally without any condition to be by him performed, *or of which the condition has been performed*. The first class was made liable to be attached and taken on execution by the stat. 1829, c. 431. The second remains as at common law, and is not yet made liable to attachment or seizure on execution. It is " the estate, right, title and interest," &c. " to a conveyance of real estate *upon condition to be by him performed*. He is to have the same remedy by bill in equity, that is, the purchaser, &c., " *upon his*

*performance of the conditions of such bond or written contract.*"

He contended, that all the right which True had at the time of the attachment was of the second class, and not attachable.

It was contended, that no sufficient notice was given of the attachment, if any was made, and therefore the defendant might well convey the land to the obligee. The notice relied on by the plaintiff, is not such as the statute requires, either in form or substance.

It was also contended, that the sale was a nullity, by reason of a misdescription of the property in the notices of the sale.

The return on the execution is not conclusive of the fact. If the officer has made a false return, the plaintiff is to have the remedy, and not the defendant.

Neither the attachment on the writ, the advertisement for the sale, nor the return on the execution are sufficient in form to attach and hold and sell the interest. The statute says, " that the *estate,* right, title and interest" may be attached and sold. In the return of the attachment and of the sale, the word *estate* is wholly omitted.

Another objection is, that it does not appear by the return of the officer, that any deed was made by the officer to the purchaser.

In his answer, the defendant denies the validity of the sale, and puts the plaintiff to prove it.

The officer merely returns, that he has " taken *all the right and equity of redemption,* which the said James True," &c. This language is wholly different from that in the statute, in meaning as well as in words.

The return is also defective in not showing at what place the sale was made.

It was contended, that the amendments were unauthorized by law, and were wholly insufficient to cure the defects pointed out. *Stevens* v. *Legrow,* 19 Maine R. 95.

The opinion of the Court was drawn up by

WHITMAN C. J. — The original attachment on *mesne* process, and levy of execution, were intended to be in pursuance of the statute, c. 431, of 1829. That statute provided, that " the estate, right, title and interest, which any person has, by virtue of a bond or contract in writing, to a conveyance of real estate, upon condition to be by him performed, whether he be the original obligee or assignee of the bond or contract, shall be liable to be taken by attachment on *mesne* process or execution."

It appears that True, the debtor of the plaintiff, held a bond for the conveyance of the lot of land in question, upon the performance of certain conditions therein expressed. It appears further, that, before the plaintiff in this action made his attachment, the condition of the bond had been performed, and that True's right to a conveyance had become absolute. The defendant, therefore insists, that, by the terms of the statute, True's right to a conveyance was not liable to be attached ; and so that the plaintiff's attachment and levy were void. The language of the statute by him relied upon is, " upon condition to be by him peformed." The defendant's construction is, that the condition referred to in the statute, is one remaining to be performed, *after attachment made;* that, after the condition has been performed, the bond becomes absolute and is no longer a bond for the conveyance of real estate, upon condition to be performed. It may be admitted, that, if the contract were originally absolute, in its terms, for the conveyance of real estate, it would not be within the letter of the statute ; and perhaps not within its purview; but as to this we give no opinion. If, however, a bond be made for a conveyance upon condition, and an attachment be made after the performance of the condition, and before a conveyance had been made, and such case be not within the purview of the statute, it cannot be doubted, it must be attributed to oversight on the part of the Legislature. It could not have designed to exempt estates so situated from attachment. But we apprehend when they speak of a bond, or contract upon condition

to be performed, it is to be regarded as descriptive merely of the instrument, which shall authorize an attachment. If the bond or contract, when made, was upon a condition to be performed, it is within the sound construction of the statute, and authorized an attachment. Though the condition be now performed, still it was a bond or contract on a condition to be performed. It is believed that the Legislature, in the Rev. Stat. c. 114, § 73, intended merely a re-enactment of the provision in the statute of 1829. The language is slightly varied, but doubtless intended to be of the same import. It was, that, " all the right, title and interest, which any person has, by virtue of a bond or contract to a deed of conveyance of real estate on *specified conditions,*" may be attached, &c. This was manifestly intended as descriptive of the instrument, that should give such right. Whether the condition were performed *or not, it would still be a bond* or contract to convey on specified conditions. If the Legislature had intended a discrimination between a bond on condition not performed, and one in which it had, at the time of the attachment, been performed, they could not have failed, so to have expressed their meaning. But there could have been no good reason for rendering interests, where the condition had been performed, unattachable. It would have been to place valuable interests in estates beyond the reach of creditors, which is against the policy of the law. We cannot doubt, therefore, but that both descriptions of estates were equally comprehended under either statute.

Most of the other objections, urged by the counsel for the defendant, are obviated by the officer's return, upon the execution. It was unnecessary for him to return, that he had given a deed to the vendee under his sale. It is sufficient that it appears he had done so by the production of the deed itself.

The amendments of the return were such as have often received the sanction of this Court. Before the amendments were made, the defendant could not have misunderstood, upon looking at the return, as it was, that the proceedings by the

officer had been substantially what the amended return shows them to have been. He had no rights to be affected resembling those of a stranger thereto. He had, as the evidence abundantly shows, notice of the original attachment; yet thought proper to place himself in his present predicament.

The language complained of in the notice to account, &c., could not have misled the defendant, or have left him in any doubt of the object of it. No set form of words is necessary in such cases. On the whole, though the arguments of the defendant's counsel, are not only elaborate, but ingenious, yet we cannot regard his conclusions as satisfactory.

*Conveyance decreed as prayed for.*