# BELKNAP,

## DECEMBER TERM, A. D. 1859.

---

### AVERY *v.* BOWMAN.

The return of the extent of an execution upon real estate must expressly state every fact which the statute makes essential to its validity, or every such fact much be necessarily implied in what is stated, else the title will not pass thereby.

Sometimes an application for leave to amend is addressed to the discretion of the court, and its denial is not the subject of exception or review; but when an amendment is refused, not on the ground of discretion, but because the court has no power to grant it, such refusal is error in law, which may be corrected upon exceptions, or upon error brought.

An officer will be permitted or directed to amend his return of an extent, in order to perfect the title, according to the justice and truth of the case, when no rights of third persons have intervened, and the evidence is full and satisfactory; and, even as against third persons, the return may and will be thus amended, if it contain in itself sufficient matter to show that, in making the levy, all the requisitions of the statute were probably complied with.

Such amendment may be allowed at any time after the return day of the execution, in the discretion of the court to which the execution was returnable and returned.

A public officer, who might have amended a record or return while in office, may make the same amendment after the term of his official duty has expired.

A sheriff may amend the return of his deceased deputy after, as well as before, the expiration of his own term of office.

EXCEPTIONS to the ruling of the court of Common Pleas for this county, February term, 1859, denying an application for leave to Samuel Tilton, who was then sheriff, to

amend the return of the levy of an execution made by his deputy, Dudley Smith, since deceased, March 23, 1843, or for the administrator of said Smith to amend the same, on the ground that neither the sheriff or administrator had by law the power to amend said return. The material facts sufficiently appear in the opinion of the court.

*Perley* and *Avery*, for the petitioners.

*E. A. Hibbard*, for the petitionees.

FOWLER, J.* By the laws in force in this State prior to March 1, 1843, it was necessary that the appraisers for setting off real estate upon execution should be reputable freeholders, resident in the county. [Laws of 1830, p. 102.] The levy of the execution, the return of which the petitioners asked permission to have amended, was made March 23, 1843, and the officer returned the names and residences of the appraisers, certifying that they were reputable freeholders, resident in the county. The petitioners alleged that they were, in fact, discreet and disinterested men, and that, through mistake or inadvertence, or ignorance of the change in the statute, the officer neglected and omitted to certify that they were thus discreet and disinterested, as it was necessary he should do by the provisions of the Revised Statutes, adopted December 23, 1842, and going into effect March 1, 1843, under which the levy was made. It is worthy of remark, in connection with this allegation of the reasons of the error in the return of the levy, that although the whole volume of the Revised Statutes was passed on the 23d day of December, 1842, it was not, in fact, printed or generally distributed about the State until long after the time when the laws took effect, and long after the levy in question was made.

It is well settled in this State and elsewhere that an

---

* BELLOWS, J., having been of counsel, did not sit.

officer's return of the levy of an execution upon real estate must state expressly every fact, essential to the validity . thereof by the statute, or that every such fact must be necessarily implied in what is stated, in order to make the levy effectual to pass the title to the property levied on. *Mead* v. *Harvey*, 2 N. H. 498; *Libby* v. *Copp*, 3 N. H. 45, and authorities; *Whittier* v. *Varney*, 10 N. H. 291, and authorities.

The amendment asked for was, therefore, essential to the validity of the petitioner's title under the levy.

As a general rule an application for leave to amend is addressed to the discretion of the court, and its denial is not a subject of exception or review. *Baker* v. *Davis*, 22 N. H. 27, and authorities; 5 Cranch 15; 9 Wheaton 576; 3 Peters 12; 10 Conn. 460.

But when an amendment is refused, not on the ground of discretion but because the court has no power to grant it, such refusal is error in law, which the Supreme Court will correct upon exceptions or error brought. *Rowell* v. *Small*, 30 Me. (17 Shep.); *Freeman* v. *Morris*, Busbee (N. C.) 287.

In the present case the court declined to permit the amendment asked for, upon the express ground that they had no power to permit it. There could, therefore, be no objection, and none has been taken, to the proceeding here, that this court will not ordinarily revise the discretion of the Common Pleas. That court exercised no discretion. They simply declined to act, because they said they had no power.

The general principle is well settled in this State that the court will permit or direct an amendment in cases where, as in that under consideration, it is necessary to perfect the title, if no rights of third persons have intervened and the matter is still between the same parties that were affected by the levy, according to justice and truth, if the evidence is full and satisfactory that the requisitions

of the statute were actually complied with.   And, even as between third parties, an extent may and will be amended if it contain in itself sufficient matter to indicate that in making it all the requisitions of the statute were probably complied with.   *Whittier* v. *Varney*, 10 N. H. 291;  *Gibson* v. *Bailey*, 9 N. H. 168.

Here no rights of third parties are to be affected, as there has been no change of title since the making of the levy. The amendment asked for, then, being one essential to the validity of the title under the levy, is on general principles to be made, the rights of no third parties intervening—unless there be some sufficient special reason why it should not be.

Two objections only have been suggested and insisted upon :  one, the great lapse of time between the date of the levy and the application for the amendment, and the other that there is no person in being by whom it can properly be made.

In *Libby* v. *Copp*, 3 N. H. 45, the court, relying upon *Thatcher* v. *Miller*, 13 Mass. 270, in their discretion declined to permit an amendment after the lapse of sixteen years ; but that is the only case within our knowledge where an amendment has been refused in this State on account of the lapse of time.   On the other hand the general doctrine has been repeatedly recognized here, as almost everywhere else, that when the sheriff is not a party, and no rights of third persons have intervened, he may amend his return at any time, so as to state the truth of the case. *Mahurin* v. *Brackett*, 5 N. H. 9 ;  *Whittier* v. *Varney*, 10 N. H. 291;  *Bean* v. *Gibson*, 9 N. H. 168 ;  *Cass* v. *Bellows*, 3 N. H. 501.

We think, therefore, the true rule to be, that in any proper case an amendment of an officer's return of a levy upon an execution may be allowed at any time after the return day, in the legal discretion of the court to which the execution was returnable and returned.   *Planters'*

*Bank* v. *Walker*, 3 S. & M. 409; *Atkinson* v. *Rhea*, 7 Hump. 59; *Whittier* v. *Vaughan*, 27 Me. 301; *Gilman* v. *Stetson*, 4 Shepl. 124; 3 Gr. 183, 219; 5 Cranch 15; 9 Wheat. 576; 11 Wheat. 302.

Wherever the rights of third parties have not intervened, it is a proper case for an amendment of the return of a levy of an execution, whenever satisfactory evidence is furnished that the statute requisitions were in fact complied with, but the officer so neglected to state the truth in his return that the levy will fail, unless an amendment in accordance with the truth shall be made. Such would clearly be the case now before us, if it were shown that the appraisers named, all of whom are well-known citizens, resident at Meredith Bridge, were at the time of the levy discreet and disinterested men, within the meaning of the Revised Statutes; a fact which may now be as readily and conclusively shown, if it then existed, as it ever could have been.

But it is objected that although the amendment proposed be necessary, proper, reasonable, and strictly conformable to the truth of the case, it cannot be made, because there is no person in existence who can properly and rightfully make it. To this position we cannot assent.

By law, the deputy is a mere servant of the sheriff, for whose acts the sheriff is responsible; the acts of the deputy are those of his master. If the deputy dies or is removed from office before he certifies his doings therein, the sheriff may do it for him. There is not only a privity, but in some cases a legal identity between the sheriff and his deputies. If the deputy commit a tort the sheriff is personally and directly responsible for it. He is supposed to superintend and supervise all the official acts of his deputies. He may complete what the deputy has begun, and make known by his certificate what the deputy fails to certify. *Ingersoll* v. *Sawyer*, 2 Pick. 276 and authorities.

It seems to be conceded, in the argument of the counsel for the petitionees, and well settled by authority, that while he himself remains in office the sheriff may properly supply, correct, or amend the returns of his deceased deputy; but it is denied that he may do so afterwards. But we think, that, aside from the positive provisions of our statute, which expressly authorize sheriffs to complete business entrusted to the care of themselves or their deputies, after the expiration of their term of office, [Revised Statutes, ch. 178, secs. 13 and 14; Comp. Laws 454] it is firmly established, by the almost uniform current of decisions in this State, that whenever any public officer might have amended a record or return, while in office, he may make the same amendment after the term of his official duty has expired. *Gibson* v. *Bailey,* 9 N. H. 168; *Low* v. *Pettingill,* 12 N. H. 340; *Bean* v. *Thompson,* 19 N. H. 290; *Cass* v. *Bellows,* 31 N. H. 501.

In frequent instances, sheriffs and deputies have been permitted to amend their returns several years after they went out of office. *Gay* v. *Caldwell,* Hardin 63; *Hutchins* v. *Brown,* 4 Har. & McH. 498; *Adams* v. *Robinson,* 1 Pick. 461; *Wilson* v. *Ray,* Charlt. 109; *Dewar* v. *Spence,* 2 Wheat. 211; *Miles* v. *Davis,* 19 Miss. (4 Bennett) 408; *Johnson* v. *Donnell,* 15 Ill. 97; *Morris* v. *Trustees of Schools,* 15 Ill. 266; *Whittier* v. *Vaughan,* 27 Me. 301. And we can see no reason, from the nature of things, why, if a sheriff, while in office, may complete, correct or amend the returns of his deputies, he may not do the same thing after he is out of office, and at any time when the truth of the case can be clearly shown to warrant his doing so.

On the whole, therefore, we have no doubt that the application of the petitioners was one within the power of the court to grant; that the amendment asked was necessary and reasonable, and might have been granted without regard to the lapse of time; that it should be granted, if the facts alleged in the petition be clearly shown; and

that the surviving sheriff, though out of office, is the proper person duly authorized to make it.

The exceptions taken to the ruling of the court below must therefore be sustained, and the petition be reïnstated upon the docket, so that the amendment may hereafter be made, if proper evidence of its correctness shall be presented.

The views we have indicated of the various questions raised have rendered unnecessary any consideration of the constitutionality of the act of the last session of the legislature [Laws of 1859, chap. 2222]; supposed to have been passed with reference to this proceeding; and upon that subject no opinion has been formed.

*Exceptions sustained.*