JAMES SHEPHERD *vs.* GEORGE JACKSON & another.

An officer, who has served a notice of the time and place appointed for the examination of a poor debtor, may be allowed by the magistrate to amend his return by stating the place at which he served the notice upon the creditor, and thus showing the service to have been sufficient, even after the poor debtor's recognizance has been put in suit.

ACTION OF CONTRACT, commenced June 16th 1858, upon a recognizance entered into on the 24th of February 1858, before a master in chancery, by Jackson as principal, and the other defendant as surety, and conditioned that Jackson, who had been duly arrested on execution on that day, should within ninety days from the time of his arrest deliver himself up for examination, giving notice in the manner required in and by the *St.* of 1857, *c.* 141. The parties submitted the case to the judgment of the court upon the following facts:

On the 18th of May 1858 Jackson applied to a master in chancery to fix a time for his examination; and the master appointed the 19th of May, at noon, and his own office in Court Street in Boston, as the time and place for the examination. The officer's return upon the notice was as follows: " Suffolk ss. Boston, May 19th 1858. At 10 h. 45 m. A. M., I have served the within notice on the within named Shepherd by giving to him in hand a true and attested copy of the same. William Calder, constable." The plaintiff did not appear at the examination, and the oath for the relief of poor debtors was administered to Jackson by the master. The plaintiff, at the time of the service of notice upon him, resided in South Boston, two miles from the master's office; but the notice was in fact served upon him at his own office, within a quarter of a mile of the master's office. On the 17th of May 1859, the master allowed the constable to amend his return by adding thereto the place and distance from the master's office of the service.

*J. Cutler,* for the plaintiff, cited *Davis* v. *Putnam,* 5 Gray, 328; *Niles* v. *Hancock,* 3 Met. 568; *Leach* v. *Hill,* 3 Met. 173; *Davis* v. *Maynard,* 9 Mass. 247; *Purrington* v. *Loring,* 7 Mass. 392; *Wellington* v. *Gale,* 13 Mass. 488; *Park* v. *Johnston,* 7 Cush. 265.

*J. H. Butler*, for the defendants, cited also *Wingate* v. *Commonwealth*, 5 Cush. 446 ; *Johnson* v. *Day*, 17 Pick. 106; *Bailey* v. *Chesley*, 10 Cush. 284 ; *Chase* v. *Merrimack Bank*, 19 Pick. 564 ; *Ward* v. *Clapp*, 4 Met. 455; *Haven* v. *Stone*, 14 Pick. 28.

CHAPMAN, J.   The officer's return is the only competent evidence to prove the service of notice on the plaintiff.   *Park* v. *Johnston*, 7 Cush. 265.   In this case, the return does not show a sufficient notice, unless the amendment was legally made nearly a year after the service.   An amendment showing any part of the return to be actually false, and for the purpose of defeating it, would not be allowable.   *Davis* v. *Putnam*, 5 Gray, 321. But great liberality is exercised in allowing amendments to supply omissions, or to correct palpable errors, for the purpose of sustaining proceedings when the justice of the case requires it.

In *Johnson* v. *Day*, 17 Pick. 106, the writ was dated November 4th 1833, and judgment was rendered in June 1834.   The execution was levied upon real estate which had been attached on mesne process.   The officer had by mistake stated in his return the date of the attachment as November 4th 1834 ; and a mortgagee, whose mortgage was made just before the attachment, but recorded several days afterwards, brought a writ of entry against the judgment creditor to recover the land.   During the pendency of this suit, the officer was allowed to amend his return by correcting the date as to the year, and thus the action was defeated.   Wilde, J. says: " Amendments of this description are not regulated by any certain rules ; but the court is bound in every case to exercise a sound discretion, and to allow or disallow an amendment as may best tend to the furtherance of justice."   He cites with approbation *Haven* v. *Snow*, 14 Pick. 28, where an officer was allowed to amend his return, the effect of which was to defeat a title in a third party, which without such amendment would have been valid.   In *Chase* v. *Merrimack Bank*, 19 Pick. 564, an amendment of a return upon an execution was allowed after the matter had come into litigation in another suit, and its effect was to defeat the action.   In *Thatcher* v. *Miller*, 11 Mass. 413, and 13 Mass. 270, it was held that courts have discretionary power to allow amendments of

a return, even after the lapse of six years and the suing out of a writ of error. The amendment in that case was not allowed by the court of common pleas, where the return was made, and it was held to be a subject within the discretion of that court.

There are many cases in the books where the matter has been discussed, and amendments allowed or refused. It would be difficult to gather from them any precise limit to the power of the court; and the rule by which its discretion is to be guided is nowhere better stated than by Mr. Justice Wilde in the language above cited.

In the present case, it appears that the amendment allowed by the master was according to the truth. Its purpose was to sustain the proceedings, and save the sureties of a poor debtor from being compelled to pay the debt after he had, upon a proper notice to the creditor, taken the poor debtor's oath ; and the only defect was an omission to state in the return the place where the service was made. We think the amendment was properly made. The proceeding is thus proved to be regular, and this action cannot be maintained.

*Judgment for the defendants.*