State v. Swift & Co.

## THE STATE v. SWIFT & COMPANY et al., Appellants.

### Division Two, May 29, 1917.

1. **CONSTITUTIONAL QUESTION: Untimely Raised.** A constitutional question is neither timely nor otherwise sufficiently raised by an assignment in the motion in arrest that "the facts stated in said information do not constitute a charge or offense under the Constitution and laws of this State" and by an allegation in the assignment of errors that the statute in question is in violation of section 8 of article 1 of the Constitution of the United States.

2. ———: **Assignment Must Be Specific.** To raise a constitutional question the particular provision of the Constitution alleged to be violated must be pointed out.

3. ———: **Previously Decided.** A plea of unconstitutionality will not confer jurisdiction where the Supreme Court has theretofore held the statute in question valid.

4. ———: **Appeal: Transfer to Court of Appeals.** If the constitutional question was neither timely nor otherwise sufficiently raised and the statute under which defendant was convicted of a misdemeanor has previously been adjudged to be constitutional, the case will be transferred to the proper Court of Appeals for final determination.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Calvin N. Miller,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*A. & J. F. Lee* and *James A. Waechter* for appellants.

*Frank W. McAllister,* Attorney-General, and *S. E. Skelley,* Assistant Attorney-General, for the State.

WALKER, P. J.—The defendants were charged under section 651, Revised Statutes 1909, with having offered for sale or kept on hand a colored substance composed of animal fat or vegetable oil in imitation of butter. This offense is denounced as a misdemeanor. [Sec. 658, R. S. 1909.] Upon a trial defendants were found guilty and their punishment assessed at a fine of $50. They thereupon perfected an appeal to this court. The appellate jurisdiction of this court is invoked on the ground that a constitutional question is involved, although the record prior to the filing of the motion in arrest of judgment contains no intimation of this ground of jurisdiction. In the motion in arrest is found this allegation: "(2) that the information filed against defendants had been materially changed, altered and modified after it was filed against said defendants and did not constitute an information within the meaning of the Constitution of this State;" and further in paragraph 5 of said motion appears the following: "because the facts stated in said alleged information do not constitute a charge or offense under the Constitution and laws of this State." The only reference thereafter to the question of jurisdiction is found in the assignment of errors, where it is alleged that the statute in question is in violation of article 1, section 8, of the Constitution of the United States.

There is here neither a timely nor otherwise sufficient raising of the constitutionality of the statute to give this court jurisdiction. The point might have been raised by a demurrer to the information or by a demurrer to the testimony supplemented by preserving the plea in the motion for a new trial.

Constitutional Question.

However, if the objection to the statute had been timely it was not sufficiently definite to entitle it to consideration. To raise a constitutional question the particular provision alleged to be violated must be pointed out. [Lohmeyer v. Cordage Co., 214 Mo. 685.]

But it appears that the validity of section 651, Revised Statutes 1909, has been passed upon by this court and held not to be inimical to the Constitution. [State v. Bockstruck, 135 Mo. l. c. 356.] This is therefore not a live question and hence not a ground upon which the jurisdiction of this court can be invoked. [Schmidt v. Sup. Ct. U. O. F., 259 Mo. 491; State v. Evertz, 190 S. W. 287; State v. Wild, 190 S. W. 273; State v Campbell, 214 Mo. l. c. 364; Dickey v. Holmes, 208 Mo. 664; Jones v. Anheuser-Busch Brewing Assn., 188 S. W. 82.]

The constitutionality of the statute in question not having been raised on a timely or sufficient manner and the same having been heretofore determined by this court, this case should be transferred for final determination to the St. Louis Court of Appeals, and it is so ordered. All concur.