STATE OF MISSOURI, v. VICTOR L. DAMON, Appellant.—No. 38253.—169 S. W. (2d) 382.

Division Two, March 25, 1943.

950

*Clyde Taylor* for appellant.

*Roy McKittrick,* Attorney General, and *Russell C. Stone,* Assistant Attorney General, for respondent.

 BOHLING, C.—Appellant was convicted under Sec. 4650, R. S. 1939 (13 Mo. St. Ann., Sec. 4650), of a crime against nature per os and sentenced to ten years' imprisonment. He appealed.

The offense is alleged to have been committed on Labor Day, September 1, 1941, about 1:00 P. M., in an automobile operating over the public streets of Kansas City, Missouri, on Arlene, a girl of eight years. After lunch (which was had between 12 N and 12:30 P. M.), Arlene and her sister Myrna, aged six, went out on 28th street, just east of Grove street, to play with some children. Appellant lived with his second wife in the thirty hundred block on Paseo. He was forty years of age, the father of two sons by his first wife. He had been for sixteen years and was employed as a receiving and paying teller at a bank, had been a musician and also was interested in sound effects, having a laboratory in the Midland Building and his two-door Ford sedan, equipped with old style gear lever shift, was filled with equipment of that nature back of the driver's seat. About 1:00 P. M. he started to the Midland Building, proceeded north on Paseo and turned west into 28th street. He had previously roomed with Arlene's family and, noticing the children playing, he turned around and drove back to where they were and stopped. Arlene testified that Myrna saw appellant first and went out to the car and she followed; that appellant asked them how they were and if they wanted to go for a ride. They got into the Ford car, Arlene sitting next to appellant and Myrna by the window. Appellant then drove east about one-half block to Paseo, thence south on Paseo to 31st street, thence west one block on 31st to Tracy street, thence north on Tracy to 28th, thence east on 28th to where the children had left their playthings and let them out. The evidence established that the traffic was heavy on Paseo and also on 31st street. Arlene testified appellant stopped for a traffic light at 31st street and "unzipped" his trousers. Then, after turning north on Tracy, appellant instructed Arlene as to what to do and pushed her head down. The child complied, stating appellant had an emission but that she was again sitting up when they were about at a stone church. This church was on Tracy, 420 feet north of 31st street. Then, according to the children, appellant had them change places in the car and the act was repeated with Myrna, who was again sitting up in the automobile before it reached 28th street. Appellant testified that nothing out of the ordinary occurred on the ride, which took but a short time. He did not

954

know the cross-streets on Tracy. The children testified that appellant asked them several times while on Tracy on which cross-street to turn and that he turned on 28th street when they told him.

■ Appellant, in an effort to secure his discharge in this court, stresses a number of statements coming from Myrna. Without stating the evidence in greater detail, we are inclined to believe a conviction could not be upheld on Myrna's testimony, which has inconsistencies within itself and stands discredited by prior statements. According to the undisputed showing the offense with Arlene, if one were committed, consumed approximately eleven seconds. Her testimony may stand discredited to a certain extent, but after studying the instant record we feel we may not properly sustain appellant's contention that he is entitled to his discharge notwithstanding one's credulity, taking the case in its entirety, is taxed by the State's case. The judgment, however, must be reversed on account of error next mentioned.

■ Statements made by Arlene and Myrna and appellant were received in evidence. Inconsistencies existed between the statements made by the children and their testimony. A plat covering the route traversed and photographs tending to show the usual amount of traffic on the streets involved and the construction of appellant's automobile were also introduced. Appellant requested that the jury be permitted to take all the exhibits with them upon their retirement to consider their verdict. The request was refused on the State's objection. Appellant's counsel thereupon inquired if the court were exercising its discretion in the matter in refusing the request. The court replied: "Certainly not. My only reason for refusing the request is that it is my understanding of the law that I have no discretion in the matter, that if either the State or the defendant objects to exhibits going to the jury I cannot allow them to go."

The court clearly was in error in its understanding of the applicable law, such permission being within the exercise of a sound discretion on the part of the trial court. State v. Rusow (Mo.), 106 S. W. (2d) 429, 430[2] ; Dougherty R. E. Co. v. Gast (Mo. App.), 95 S. W. (2d) 877, 880[4], each citing earlier authority. Having failed to exercise the discretion within its authority, the issue presented is one of law and not of the soundness of a discretion exercised as the exercise of a reasonable discretion contemplates the power and liberty of action in conformity with one's judgment of what is just and proper in the circumstances and is defeated if bounded by hard and fast rules. The heinousness of the instant charge arouses such righteous indignation as to permit of the triers of the fact being easily imposed upon. The accusation is hard to defend. The prudent observance of those precautions sanctioned by the experience of mankind is peculiarly essential to the impartial administra-

tion of the legal rights of the State and the accused. Much of what Lord Chief Justice Hale observed with respect to the offense of rape is applicable. 1 Hale P. C. 635; State v. Burgdorf, 53 Mo. 65, 67; State v. Jaeger, 66 Mo. 173, 176; State v. Donnington, 246 Mo. 343, 354 (III), 151 S. W. 975, 978[4]. See authorities compiled in State v. Remley (Mo.), 237 S. W. 489, 491[2].

The court's stated judgment was that the jury should have the exhibits during its deliberations. In addition, the instant case is close on the facts. Error resulted in the court's failure to exercise its own discretion in the matter. Errors in the refusal to exercise a discretion frequently may be corrected by remanding the cause for the exercise of the discretion. The instant situation differs as the correction of the error involves action on the part of the jury and the court sufficiently indicated of record what its discretion was but refused to exercise it on account of a misunderstanding of the law. State ex rel. v. Camren, 226 Mo. App. 100, 41 S. W. (2d) 902; Vastine v. Bailey, 46 Mo. App. 413, 416. Consult Middleton v. Kansas City Public Serv. Co., 348 Mo. 107, 116[2], 152 S. W. (2d) 154, 159[5]; Iba v. Chicago, B. & Q. Rd. Co., 172 Mo. App. 141, 151 et seq., 157 S. W. 675, 678 et seq., quashed on certiorari but carrying dictum approving ruling on issue now before us in State ex rel. Iba v. Ellison (Banc), 256 Mo. 644, 666, 165 S. W. 369, 375.*

■ ■ Appellant attacks an instruction on intent, saying intent was not an issue. The State's brief so concedes, stating the instruction was unnecessary. It may be omitted.

■ The court refused appellant's instruction, intended to apply to certain persons at the home of the girls, to the effect that failure to produce an available witness "authorizes a strong presumption that the testimony of such witness" would have been adverse. Among the reasons we consider the refusal not error is: Such an inference has been held an inference of fact, not a presumption of law, and an instruction thereon would constitute an improper comment on the evidence. Hartman v. Hartman, 314 Mo. 305, 311, 284 S. W. 488, 489[2]; Crapson v. United Chatauqua Co. (Mo. App.), 37 S. W. (2d) 966, 967[2].

The judgment is reversed and the cause remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.

*See also: 3 Am. Jur., p. 526, n. 10; 24 C. J. S., p. 746, n. 99; p. 780, n. 48; 17 C. J., p. 248, n. 1; 5 C. J. S., p. 477, Sec. 1585, n. 39; 4 C. J., p. 798, Sec. 2755, n. 29; Cohen v. Young, 127 Fed. (2d) 721, 725[5]; Felton v. Spiro, 78 Fed. 576, 581; Ader v. United States, 284 Fed. 13, 30[14]; Hite v. Dell (N. J.), 73 Atl. 72[3]; Johnson v. Shumway (Vt.), 26 Atl. 590, 591; Martin v. Bank of Fayetteville, 131 N. C. 121, 42 S. E. 558[3]; Seibert v. Minneapolis & St. L. Ry. Co., 58 Minn. 58, 57 N. W. 1068, 1070; Avery v. Bowman, 39 N. H. 393, 395.