STATE OF MISSOURI, Respondent, v. PENTON WILSON, Appellant, No. 41890—233 S. W. (2d) 686.

Division One, November 13, 1950.

*D. W. Gilmore* for appellant.

*J. E. Taylor*, Attorney General, and *Will F. Berry, Jr.*, Assistant Attorney General, for respondent.

82

[687] VAN OSDOL, C.—Defendant was convicted of the detestable and abominable crime against nature. Section 4650 R. S. 1939, Mo. R. S. A. § 4650. His punishment was fixed at two years in the state penitentiary. He has appealed from the judgment entered upon the jury's verdict.

Defendant had moved to quash the information for the stated reason the Section 4650, supra, is unconstitutional in that the Section is susceptible of different interpretations; it is impossible to determine the legislative intent from either the title or body of the Section; and the Section does not "apprise an accused of just what he must refrain from doing" or of the crime of which defendant is now accused. The question of constitutionality of the statute was not sufficiently raised. No particular constitutional provision was pointed out by which to test the validity of the Section. State v. Burns, 351 Mo. 163, 172 S. W. 2d 259; State v. Swift & Company, 270 Mo. 694, 195 S. W. 996. However, the offense against nature of which defendant has been charged and convicted has been given no particularized definition by our statutes. The law, with due regard to the sentiments of decent humanity, has always treated the offense as one "not fit to be named." 4 Blackstone's Commentaries 215; State v. Katz, 266 Mo. 493, 181 S. W. 425; Honselman v. The People, 168 Ill. 172, 48 N. E. 304. Lord

Coke defined the offense as ''a detestable, and abominable sin, amongst Christians not to be named, committed by carnal knowledge against the ordinance of the Creator, and order of nature - - -:'' Coke's Third Institute 58. See again the language of our statute, Section 4650, supra.

■ Defendant is a physician with offices at Fornfelt. The offense is charged to have been committed January 15, 1949, per anus upon the body of Jimmy McMullin, a boy eleven years of age.

Jimmy testified that he had swept and cleaned defendant's office a few times, and went to the office the afternoon of January 15th for that purpose. Defendant took him ''in the back room and took my clothes off and stuck his peepee in my butt.'' Defendant did this a few minutes. He had tried to do this a couple of times before. Defendant ''held my arms and with his other hand took my clothes off.'' Jimmy did not make any outcry, although his brother's drug-store was next door. Jimmy was scared. He was trying to get away. He kicked and fought defendant. Jimmy did not see defendant's ''peepee,'' and, being pressed upon cross-examination, Jimmy said he did not know—but Jimmy thought defendant ''stuck his peepee in my butt.'' Upon being asked, ''How do you know it wasn't one of his fingers?'' Jimmy answered, ''Because - - - I saw his hands.'' Defendant got Jimmy down on a table—not a ''very tall'' table. When Jimmy was lying down on the low table, both of defendant's hands were on Jimmy's shoulders.

[688] Jimmy's mother and father testified that in January, 1949, Jimmy complained ''about a pain in his rectum.'' The parents examined Jimmy—''we put salve on him. He was red and sore.'' Jimmy did not then tell his parents ''why it was sore.'' He told no one of the occurrence until the following April. This was because he ''didn't want to.''

Actual penetration into the body is sufficient to sustain a charge of sodomy. Section 4076 R. S. 1939, Mo. R. S. A. § 4076. Defendant-appellant complains that the evidence of penetration was conflicting, uncertain and speculative and did not constitute clear and definite proof of penetration. Defendant reminds us that the crime ''is an offense of so dark a nature, so easily charged, and the negative so difficult to be proved, that the accusation should be clearly made out - - -.'' Blackstone's Commentaries, supra; State v. Damon, 350 Mo. 949, 169 S. W. 2d 382.

Recognizing the significance of the childish language used by Jimmy in his testimony, we consider his answers were apt in describing the perversive sexual conduct of defendant. Jimmy's statement of the circumstances attending defendant's act gives support, circumstantial-ly, to Jimmy's direct evidence of completion of the crime by actual penetration. Jimmy, it seems, did not see defendant's penis, and Jimmy answered in effect, when pressed upon cross-examination, that

he did not know defendant effected a penetration with his penis, but the penetration was not by defendant's finger because Jimmy saw both of defendant's hands. Jimmy's rectum became sore and inflamed. We believe the evidence was substantial and sufficient to justify the submission of the question of defendant's guilt to the jury.

In our opinion, Jimmy's testimony was neither so contradictory nor so unconvincing as to require corroboration, as was the testimony of the prosecuting witness in the case of State v. Tevis, 234 Mo. 276, 136 S. W. 339, or in the case of State v. Donnington, 246 Mo. 343, 151 S. W. 975. The charge was supported by substantial evidence, and the credibility of the witness was for the jury. State v. Sikes, Mo, Sup., 24 S. W. 2d 989. The trial court properly refused to comment on the evidence, by refusing to instruct that if the jury found Jimmy's testimony to be contradictory or contrary to human experience the jury should disregard such· testimony unless corroborated.

Although an attempt to commit the crime charged is a crime in itself and punishable as such (Section 4835 R. S. 1939, Mo. R. S. A. § 4835; State v. Frank, 103 Mo. 120, 15 S. W. 330), in the instant case substantial evidence introduced tends to prove the consummation of the crime, and the evidence does not justify any inference defendant had attempted but failed in his purpose. We rule that the trial court correctly refused defendant's request for an instruction submitting the issues of an attempt to commit the crime. Section 4836 R. S. 1939, Mo. R. S. A. § 4836; State v. King,. 342 Mo. 975, 119 S. W. 2d 277.

It was not error for the trial court to deny defendant's request to have the jury view the premises where the offense was alleged to have been committed. State v. Pease, Mo. Sup., 133 S. W. 2d 409; State v. Hancock, 148 Mo. 488, 50 S. W. 112.

Defendant-appellant contends the trial court was in error in refusing defendant's request for a physical examination of Jimmy and of defendant to determine "whether or not it would have been possible for this defendant to have committed the act of sodomy with this complaining witness." Defendant-appellant has not called our attention to any case wherein a trial court has directed the physical examination of a complaining witness in a case of this nature. Such a practice, if recognized as of right, might lead to abuse, and insure escape from punishment in many instances. Not all victims of perversive sexual acts would be willing to expose themselves to the humiliation of physical inspection; rather might some prefer to remain silent. It seems to us interests of justice more than counterbalance the questionable value of such an examination.

[689] Defendant-appellant contends there was error in refusing to give instructions on the theory that the prosecuting witness was an accomplice and that, unless the testimony of the prosecuting witness

was corroborated, defendant should be acquitted. But where the victim does not consent, he is not an accomplice and a conviction may be sustained upon uncorroborated testimony of the unwilling victim. State v. Gurnee, 309 Mo. 6, 274 S. W. 58; State v. Wilkins, 221 Mo. 444, 120 S. W. 22. The evidence tends to show Jimmy McMullin did not actually consent to the criminal act of defendant. Jimmy's testimony leaves no real room for a reasonable inference that he willingly participated in the act, and, of course, defendant denied the commission of crime. The fact that the child of eleven years made no outcry, and his failure to tell others of the occurrence should not, in our opinion, be made the bases for an inference he had willingly participated in the act. It has been said that to hold a child of tender years is capable of consent to the crime of sodomy would be violative of an enlightened sense of human responsibility and a derogation of the wholesome administration of the criminal law. State v. Glazebrook, Mo. Sup., 242 S. W. 928. We rule the contention against defendant-appellant.

Defendant asserts error in the trial court's refusal to discharge the jury because of an assertedly improper and prejudicial question propounded in the State's cross-examination of defendant's witness, Doris Snyder. Defendant has been married three times. Two former marriages were dissolved by divorce. Defendant and his present wife testified they had enjoyed normal sexual relations; and Doris Snyder, the former and first wife of defendant, a witness for defendant, likewise testified upon direct examination that, during their marriage, the defendant did not attempt any unnatural sexual conduct with her. She stated the reasons for their divorce was defendant's intense love for his work, and her loneliness during defendant's absences in attending his patients. Upon cross-examination counsel for the State asked, "Isn't it a fact that the reason you folks separated- - -was due to the fact that he tried some unnatural sexual relations with you?" The witness answered, "That is false." Defendant's counsel objected "to that line of questioning" and asked "if the prosecuting attorney does not have some evidence to substantiate this inference, that this jury be discharged and dismissed, because such inference is highly prejudicial to the defendant having a fair trial." The trial judge ruled, "This is cross-examination. Objection overruled." Ignoring the questions of the relevancy of the testimony, and of the aptness of defendant's objection, we notice the "line of questioning" complained of was initially introduced by defendant in his examination in chief of his own witness, his former wife, Doris Snyder. It was not error to permit the State to cross-examine the witness upon the same subject. Compare State v. Ritter, 288 Mo. 381, 231 S. W. 606; and see Vol. 5, Jones Commentaries on Evidence, 2d Ed. § 2352, p. 4608, at page 4610; People v. Yates, 339 Ill. 421, 171 N. E. 557; McBoyle v. United States, 43 F. 2d 273.

Defendant contends other errors were committed in the giving and refusal of instructions. These contentions are raised for the first time in defendant's brief herein; the asserted errors were not assigned in defendant's motion for a new trial. Assignments of error not set forth in the motion for a new trial but presented for the first time in defendant's brief filed herein are not preserved for review. Sction 4125 R. S. 1939, Mo. R. S. A. § 4125; State v. McGee, 336 Mo. 1082, 83 S. W. 2d 98.

The judgment should be affirmed.

It is so ordered. *Lozier* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.