STATE of Missouri, Respondent,

v.

David E. ASH, Appellant.

No. 45261.

Supreme Court of Missouri.

Division No. 2.

Nov. 12, 1956.

Rehearing Denied Dec. 10, 1956.

Writ of Certiorari Denied Feb. 25, 1957.

See 77 S.Ct. 584.

Richard W. Mason, St. Joseph, for appellant.

John M. Dalton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.

BROADDUS, Special Judge.

This is an appeal from a judgment of the Circuit Court of Gentry County sentencing appellant to a term of three years in the penitentiary on his conviction, under the habitual criminal statute, for the offense of breaking jail.

By an information filed in the Circuit Court of Holt County, it was alleged that on January 18, 1955, appellant was duly convicted by a jury in the circuit court of said county of the offense of burglary and his punishment fixed at a term of ten years in the state penitentiary, and that he, appellant, was by said court duly committed to the county jail of Holt County to await a hearing for new trial, and that while appellant was confined in said jail, he did, on or about the 29th day of January, 1955, break said jail by forcing off the hinges and hasps of the door thereof and by bursting the same open and escaping therefrom. Said information also alleged two prior convictions of felony in the State of Texas.

After waiving formal arraignment and entering his plea of not guilty, appellant applied for and was granted a change of venue to Gentry County. There the cause went to trial on September 8, 1955, resulting in a verdict finding appellant guilty of two prior convictions of felony, and breaking the county jail and escaping, as charged in the information. Appellant's punishment was assessed, as we have stated, at imprisonment in the penitentiary for a term of three years, the maximum provided for in the statute (see Section 557.380, RSMo 1949, V.A.M.S.).

Inasmuch as the sufficiency of the evidence to support the verdict is not challenged a brief outline of the facts will suffice. The evidence on the part of the state was that on the same date appellant was convicted of burglary, January 18, 1955, he was remanded to the custody of the sheriff and by the latter placed in the Holt County jail. The sheriff testified that on January 29, 1955, there were three prisoners in his custody, the appellant, a James Milligan and a Kenneth Hanner; that he fed them about 6:30 p. m. and that shortly thereafter he received a telephone call requiring him

to leave the jail; that he locked them in and left. The prisoners were confined in a big room in the upstairs of the jail, the room having an inner steel door with bars and locked with a padlock, and an outer door, six to eight inches thick, with an iron bar across the outside fastened into a hasp, and also locked with a padlock.

The sheriff returned to the jail about 9:00 p. m. and found the inner door open and the hasp on the outer door pulled out. The outer door had been sprung, the hinges were bent and the casing of the door torn off. Inside the cell a piece of plumbing pipe, which had been torn from the sink, was found near the door. A table leg had been removed from a table in the room and was also found near the door. Appellant and Milligan were gone.

The third prisoner, Hanner, testified that Milligan unlocked the inner door with a key; that he did not know who took the piece of pipe from the sink, but that Milligan took the leg off the table; that Milligan pried on the door with the piece of pipe and that appellant pried on the door with the table leg. Witness did not try to stop appellant and Milligan from leaving. He did, however, refuse to go with them.

On April 22, 1955, appellant was apprehended in Los Angeles, California, and returned to Missouri.

■ Appellant's first point is that at the time he was placed on trial the original information was not before the court but only a copy. According to the record, he made no objection, nor did he mention this supposed error in the motion for new trial. Thus the point is not preserved for appellate review. State v. Wilson, 361 Mo. 78, 233 S.W.2d 686.

■ Appellant's next contention is that the court erred in giving Instruction 2. This instruction did not, as appellant claims, advise the jury that it was their mandatory duty to find appellant to be an habitual criminal and then give him the maximum

punishment. Rather the instruction told the jury that they must determine beyond a reasonable doubt whether appellant had or had not been previously convicted, sentenced, served such sentences and discharged thereafter as alleged in the information; that if they found the prior convictions to be as alleged and also found the appellant guilty of breaking jail and escaping therefrom, then it was their mandatory duty to assess the maximum punishment. The instruction was correct. State v. English, 308 Mo. 695, 274 S.W. 470; State v. Jones, 339 Mo. 893, 98 S.W.2d 586. The case of State v. Cardwell, 332 Mo. 790, 60 S.W.2d 28, 31, upon which appellant relies, is clearly distinguishable from the instant case. In that case "under instruction No. 1, the jury was authorized to assess only the maximum punishment *without any reference to the prior conviction.*"

■ Appellant's third point is that the trial court committed error in admitting in evidence the verdict of the jury rendered in a previous trial of appellant in Holt County. No mention of this alleged error is to be found in the motion for new trial. It is presented for the first time in appellant's brief and is therefore not preserved for review by this court. State v. Hadley, Mo., 249 S.W.2d 857; State v. Wilson, supra.

■ Appellant next contends that the court erred in admitting in evidence State's Exhibit No. 4. This exhibit consisted of properly authenticated copies of the records showing appellant's prior convictions, sentences, service of same and discharges. In the case of State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327, a similar objection was raised to the admission of certain records. At loc. cit. 998 of 361 Mo., loc. cit. 330 of 238 S.W.2d, this court said: "Two of the assignments alleged error in admitting in evidence copies of the records of defendant's convictions of and sentences for two felonies in the circuit court of Pulaski County, Arkansas, and of a felony in the United States District Court

in Mankato, Minnesota; and admitting in evidence copies of the records of the Arkansas State Penitentiary and the United States Penitentiary at Leavenworth, Kansas, relating to defendant's incarceration and release under such sentences. As these copies were certified by the proper officials and were authenticated in accordance with the provisions of 28 U.S.C.A. §§ 1738 and 1739, respectively, they were properly admitted. Sec. 1825, Mo.R.S. 1939, and Mo. R.S.A., now Sec. 490.220, Mo.R.S. 1949 [V.A.M.S.]; State v. Tyler, 349 Mo. 167, 159 S.W.2d 777; and State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314." From this it is clear that the assignment is without merit.

■ Appellant's fifth point is that the court erroneously submitted to the jury a form of verdict requiring the jury to find the appellant "guilty" of prior convictions "although his guilt of prior offenses is not an essential element." The verdict in the instant case is as follows: "We, the jury find the Defendant guilty of two prior convictions of felonies and breaking County Jail and escaping, as charged in the Information, and assess his punishment at imprisonment at the Penitentiary for the term of three years."

Under the ruling of this Court in the cases of State v. Baldwin, 214 Mo. 290, 301, 306, 113 S.W. 1123, and State v. Ash, Mo. 286 S.W.2d 808, 811, the verdict "while technically not in the best form" is nevertheless sufficient to support the judgment. We rule the point against appellant.

■ Appellant's last contention is that the court erred in not sustaining his oral motion to quash the information for the reason the prior convictions alleged against him as an habitual criminal, were the same prior convictions alleged against him in a prior case, State v. Ash, Mo., 286 S.W.2d 808, and that in both cases the jury was instructed to impose the maximum penalty. Upon examination of the record it appears that no such objection to the information was made in the trial court. The oral mo-

tion as made by appellant's attorney claimed the information should be quashed because (1) it charged two separate offenses which were not stated in separate counts, and (2) did not set forth an offense described in the Missouri Statutes; and did not follow the statutes. The contention lacks merit.

We have examined the entire record and find no prejudicial error therein. Thus the judgment should be, and is, affirmed.

EAGER, P. J., and STORCKMAN, J., concur.

LEEDY, J., not sitting.