**STATE of Missouri, Respondent,**

v.

**Robert C. SMITH, Appellant.**

**No. 48947.**

Supreme Court of Missouri,

Division No. 2.

May 14, 1962.

Stanford M. Katz, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Edward A. Glenn, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

■ Robert C. Smith has appealed from the judgment, after jury verdict, whereby he was sentenced to confinement in the penitentiary for a term of three years for burglary in the second degree. Appellant has filed no brief so we consider the assignments of error properly made in his motion for new trial.

Appellant challenges generally the sufficiency of the evidence to sustain the verdict, and he also contends that there was "no evidence presented of any breaking or entering."

Mr. and Mrs. Flavil B. George had an "L" shaped building, referred to as a barn, constructed of concrete blocks in which they had stored "various articles of antiques." Apparently the building was divided into several rooms, and one room was used "for storing lumber" and in another room there were "things stored." The building had five doors, all of which were locked except the east door which was open to permit a horse to enter. All the windows were locked except one from which the glass had been broken, and it was barricaded with used lumber. The record does not disclose in what room or part of the building this barricaded window was located. On December 16, 1960, when none of the George family was at home, a neighbor saw a "blue-green" automobile with fins on the rear fenders drive into the driveway. The operator went first to the front and then the rear door of the George residence, and when no answer was received he entered his automobile and drove away. A few minutes later the neighbor saw the same man walk behind the barn. She could see the east door of the barn, which was open, and no one entered through it. The

police were called and when they arrived appellant came out of the east door of the barn and stood behind the door. When the police backed their automobile into the driveway of the George residence, appellant left his position behind the door and started petting a horse which had walked in from the pasture. He told the police officer that he was looking for rabbit tracks because he wanted to set some traps, and that he liked horses. His "blue-green" Cadillac, which had fins on the rear fenders, was parked about 400 to 500 yards away, but to get to it by the street it was necessary to travel three or four blocks.

Upon investigation of the premises it was found that the boards barricading the one window had been pushed or moved aside so that there was room for a person to enter the barn. All the doors, except the east door were still locked. The "things" and "papers" stored in the "west room" were "in confusion" and had been pulled off the shelves onto the floor, but apparently nothing had been taken.

■ The offense of which appellant was charged was the "breaking and entering" of a building in which there were "goods, wares, merchandise or other valuable thing kept or deposited, with intent to steal or commit any crime therein." Section 560.070 RSMo 1959, V.A.M.S. It is obvious that appellant entered the building. He was seen to come out of it. It is also obvious that he did not enter through the only door that was open, and that there were no windows or other doors which were not locked or barricaded. No one saw appellant enter the building, but the offense of burglary in the second degree may be established by circumstantial evidence, State v. Williams, 356 Mo. 1048, 204 S.W.2d 748, and the circumstances revealed by the evidence, as previously set out, clearly authorize a finding by the jury that appellant entered the building by pushing aside the boards barricading the window. This constituted sufficient evidence of a breaking and entry. See State v. O'Brien, Mo., 249 S.W.

2d 433. In addition, lumber and antiques clearly constituted "goods, wares, merchandise or other valuable thing" within the meaning of Section 560.070. The element of intent to steal, like the proof of any other intent, is usually not susceptible of direct proof, but it may be established by circumstantial evidence. State v. Shipman, 354 Mo. 265, 189 S.W.2d 273. In order to establish the requisite intent in the offense of second degree burglary it is not necessary that the act of stealing be completed after the breaking and entry. State v. Pigques, Mo., 310 S.W.2d 942; State v. Whitaker, Mo., 275 S.W.2d 316, 319. The circumstances of appellant's conduct in first determining if anyone was at the George home, his method of entry into the building, and the disturbance of the "papers" and "things" in the "west room" unquestionably authorize a finding by the jury of the requisite intent.

It has frequently been stated that when the evidence of an accused's participation in a burglary, or any other crime, is circumstantial, the facts and circumstances relied upon by the state to establish guilt must not only be consistent with each other, and with the hypothesis of the accused's guilt, but they must also be inconsistent and irreconcilable with his innocence, and must point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence. State v. Whitaker, supra; State v. Brown, Mo., 291 S.W.2d 615. The circumstances previously related are inconsistent with appellant's innocence, and they are inconsistent with every reasonable hypothesis except that of guilt of the offense charged. We necessarily conclude that the facts and circumstances shown by the evidence, if believed by the jury, are sufficient as a matter of law to induce a belief of appellant's guilt on the part of the jury beyond a reasonable doubt.

Appellant asserts that the trial court erred in admitting into evidence State's Exhibit No. 1, and in permitting the exhibit to be taken by the jury into the jury room.

This exhibit consisted of a sketch or diagram of the premises owned by Mr. and Mrs. George showing the outline of the "L" shaped building and the location of the various doors and windows. It was not drawn to scale. The exhibit was drawn by Mrs. George and used by her in clarifying her testimony.

Apparently the only objection of appellant to the exhibit is that it was not drawn to scale. However, for its purpose, the precise scale was not important. Such a sketch must not be so inaccurate or carelessly drawn to be confusing, State v. Bidstrup, 237 Mo. 273, 140 S.W. 904, but where it is helpful in explaining the testimony of a witness so as to enable the jury to get a clearer understanding of the locale it is admissible even though not drawn to the precise scale. State v. Brooks, Mo., 159 S.W.2d 646. Such inaccuracies generally are matters for impeachment going to the weight rather than to the competency of the evidence. State v. McGee, 336 Mo. 1082, 83 S.W.2d 98. There was no error in admitting this exhibit in evidence.

Permission for the jury to take exhibits which have been received in evidence to the jury room is "within the exercise of a sound discretion on the part of the trial court." State v. Damon, 350 Mo. 949, 169 S.W.2d 382. Appellant does not contend that the trial court abused its discretion; only that it could not permit the exhibit to be taken to the jury room in any event over his objection. No prejudicial error resulted.

Appellant asserts that the trial court erred in admitting "testimony of previous burglaries in the same location." The specific testimony to which complaint is made is not referred to in the motion for new trial, and for that reason the assignment may be considered to be incomplete. However, we find only two instances in the transcript to which the complaint could be directed. While Mrs. George was testifying she stated that she had returned from work about five o'clock in the afternoon and

that she had been notified that something "unusual had happened." When asked who had told her, she replied "my neighbor." She then volunteered the statement "whom I had told to watch my place, since the previous robbery." Counsel for appellant said: "I am going to object to—." At this point the court interrupted, and stated: "Mrs. George, you weren't asked anything except whether or not you were notified, and who notified you. Not what they said." No further objection was made, and no other relief was requested. It is apparent that appellant was satisfied with the court's admonishment to the witness. Later, when a neighbor was testifying, she stated that she saw appellant go behind the barn, and she was asked what she then did. Her reply was that she "stood right there and watched and watched." She then volunteered the statement "she [Mrs. George] had asked me to, if I noticed anybody around her home, she had had some trouble up there about a year prior to that—." Counsel for appellant objected "to that," and the court interrupted and sustained the objection. No other relief was requested. No prejudicial error resulted from these two occurrences.

■ Appellant elected not to testify, and he assigns as error that the trial court "erred in not giving a requested instruction regarding the non-testimony of the defendant." The record shows that at the end of the State's case, counsel for appellant asked the court if it had "an instruction available that the man does not have to testify," and that he "might want the instruction that if the man does not testify it cannot be held against him." The trial court stated: "It is up to you, but let's talk about it. If you want any such thing I will give it, but you think about it before you do it. * * * If you want it I will sure give it." Counsel then asked that he be permitted to talk to appellant "about five minutes," and the court declared a recess. After the recess the court read the instructions to the jury, and the objections thereto were entered of record. No objection was made to the failure of the court to give an instruction on the right of appellant not to testify. No request for such an instruction was made, and no such instruction was offered by appellant. Under these circumstances it is clear that the original request for such an instruction was abandoned.

The failure of appellant to testify may not be referred to by counsel and may not be considered by the court or by the jury. Supreme Court Rule 26.08, V.A.M.R.; Constitution of Missouri 1945, Art. I, § 19, V.A.M.S. Therefore, "it is inadvisable if not erroneous for the court of its own volition to give an instruction on this subject." State v. Phillips, Mo., 324 S.W.2d 693, 697. Since the original request for such instruction obviously was abandoned, there was no error in the court's failure to instruct on the subject. State v. Rutledge, Mo., 267 S.W. 2d 625. However, while we need not specifically pass on this issue, it has been held that the refusal to give such an instruction, even upon the request of the accused, is not error. State v. Denison, 352 Mo. 572, 178 S.W.2d 449; State v. Rutledge, supra.

Questions not required to be presented and preserved in a motion for new trial have been examined, and we find that the transcript shows compliance in all matters to be considered by this court "upon the record before it." Supreme Court Rule 28.02, V.A.M.R. The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.