**STATE of Missouri, Respondent,**

v.

**Donald Lee CUFFIE, Appellant.**

**No. 51656.**

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

---

Norman H. Anderson, Atty. Gen., Jefferson City, Michael J. Yatkeman, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Taken as submitted by appellant.

HYDE, Judge.

Defendant, charged under the Habitual Criminal Statute (Sec. 556.280) was found guilty of burglary, second degree, and sentenced to five years' imprisonment. Sec. 560.045. (Statutory references are to RSMo and V.A.M.S.) Defendant has appealed and claims error in overruling his motions for acquittal.

Defendant was represented on arraignment and at the trial by his own counsel but no brief has been filed here so we consider all assignments in the motion for new trial in accordance with criminal Rule 27.20. (See also Rule 28.02, V.A.M.R.) These assignments also claim error in giving two instructions offered by the state and in refusing an instruction offered by him. Defendant makes further claims of error in

refusing to receive in evidence certain exhibits and in overruling his motion to allow the jury to view the premises involved.

Defendant's claim of right to acquittal is that there was no substantial evidence "that the defendant was possessed of a criminal intent." In his motion for acquittal, defendant's allegations were that the evidence did not show "defendant entered an occupied dwelling with intent to commit a felony therein or to steal a thing of value"; or "to prove a forcible entry into an occupied dwelling." The following statement of facts shown by the State's evidence shows this claim is without merit. It was shown that Mrs. Gertrude Farrall lived alone in the downstairs section of a flat at 6143 Suburban Avenue in St. Louis, the upstairs being vacant; that she left on Saturday, November 7, 1964, for a visit of several days in south St. Louis; that she locked all the doors and windows, there being three rear first floor windows; that she was called by her sister on Tuesday, November 10th, and on returning found two of the three rear windows broken out, the rear door open and the house "topsy-turvy", drawers opened and emptied, but was unable to determine whether anything was missing. Mrs. Farrall did not know defendant and saw him for the first time at the police station.

J. H. Clayburn, who lived in the second house east of the Farrall flat, testified that between noon and 1:00 P.M., on November 10th, defendant came to him on his front porch and asked if anyone was home in Mrs. Farrall's house. Clayburn said he did not think so and also told defendant the house between was vacant. Clayburn went to his back porch and saw defendant go to the back of Mrs. Farrall's flat, break a window and go in. He then called the police. About 20 minutes later two policemen came and he pointed to the house he had seen defendant enter. As the police went toward the house, Clayburn saw defendant jump out a back window and run toward the alley. One officer called for defendant to halt and when he did not shot. Clayburn

positively identified defendant when the police brought him back after catching him and later that afternoon at the police station and also at the trial. The two policemen Werner and Roussin said they had a radio call and went to the Clayburn house. Clayburn pointed out the Farrall house and as they went to it they saw defendant jump out a back window, breaking the glass, and run toward the alley. Werner yelled for him to halt and shot when de did not, firing again when he saw him in the alley. He said defendant was only out of his sight once and then only about 15 seconds, when he ran into a gangway, just before he was captured by Roussin and another officer at the other end of the gangway. Defendant had a shot wound in his right leg. Defendant told Werner, when he found no one at home "he went to get the stuff and take the stuff and junk it, find stuff in the house for junk to sell."

As we said in State v. McBride, Mo.Sup., 366 S.W.2d 374, 377: "Where no stealing is shown, the intent with which the breaking and entry were made may and generally must be proved by circumstantial evidence. Oftentimes the circumstances under which the breaking and entry are shown to have been made, in and of themselves, warrant a finding of an intent to steal." The circumstances here, including the ransacked condition of the rooms, were sufficient to show such intent. "In order to establish the requisite intent in the offense of second degree burglary it is not necessary that the act of stealing be completed after the breaking and entry." State v. Smith, Mo.Sup., 357 S.W.2d 120, 123 and cases cited. We hold the court properly overruled the motions for acquittal.

After the State's evidence, and most of defendant's, had been heard, defendant's counsel asked that the jury be permitted to view the premises, stating: "[T]here has been testimony here that there was no house between these two homes, and even this morning we have had difficulty in determining what is next

door to his own house" (referring to witness Clayburn, who called the police). Defendant's motion for new trial gave as a reason: "[T]here was conflicting testimony on the part of the State's witnesses as to whether or not the premises were abandoned as opposed to having been recently habitable or recently lived in." However, Mrs. Farrall, who apparently owned both the house defendant entered and the house between it and the one in which Clayburn lived, testified as to the house entered: "It's my home, and I live there." She also said she had a bed in it and slept there before the day on which defendant entered. This was sufficient evidence to show this was not an abandoned building as defendant claimed. The matter of viewing the premises rests within the sound discretion of the court. State v. Hancock, 148 Mo. 488, 50 S.W. 112; see also State v. Wilson, 361 Mo. 78, 233 S.W. 2d 686; State v. Varner, Mo.Sup., 329 S.W. 2d 623, 633; 23 C.J.S. Criminal Law § 986, p. 989. In this case, there was also evidence of some change of condition of the premises between the time of the breaking and the time of the trial. We hold there was no abuse of discretion in refusing defendant's request to have the jury view the premises. Likewise and for the same reasons we hold there was no abuse of discretion in refusing to admit three photographs, taken during the trial, showing outside views of the house. Photographs showing the view Clayburn had from his back porch, offered by defendant, were admitted as relevant on the issue of what Clayburn could have seen defendant do.

As to defendant's claim of error in giving Instructions 1 and 2, no specific grounds are stated, as required by Rule 27.-20 but only a general statement is made that the court erred in giving them. However, an instruction in substantially the same form as Instruction 1 herein (except as to the part applying to a dwelling house) was approved in State v. Smith, Mo.Sup., 342 S.W.2d 940, 942. See also State v. Papin Mo.Sup., 386 S.W.2d 355, 360, and

cases cited; State v. Jones, Mo.Sup., 365 S.W.2d 508, 515. Instruction 2 told the jury that if they found defendant attempted to escape to avoid arrest, "this is a circumstance which you may take into consideration in determining his guilt or innocence." Such instructions have often been approved. See Raymond on Instructions, Secs. 3531–3542. As to the refusal of defendant's requested instruction, it applied to breaking into a building containing "goods, wares and merchandise," the offense defined in Sec. 560.070, rather than breaking into a dwelling house which was the offense charged herein. Therefore, it was not error to refuse it.

We have examined the record as required by our Rules 28.02 and 28.08, V.A.M.R., and find it sufficient with respect to those matters therein specified. Previous felony convictions, sentences, imprisonment for these sentences and discharge after serving them were admitted by defendant's counsel and affirmatively found by the court.

The judgment is affirmed.

All concur.