**STATE of Missouri, Respondent,**

v.

**Danny Jack NORRIS, Appellant.**

**No. 55644.**

Supreme Court of Missouri,
Division No. 1.

Sept. 13, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 11, 1971.

John C. Danforth, Atty. Gen., Harvey M. Tettlebaum, Asst. Atty. Gen., Jefferson City, for respondent.

Danny Jack Norris, appellant, in persona propria.

PER CURIAM.

Danny Jack Norris, defendant, and one Russell Eugene Renick were charged in the same information with sodomy. Section 563.230, RSMo 1969, V.A.M.S. On defendant's motion, he was granted a severance and was tried separately by a jury. The jury found him guilty as charged and assessed his punishment at two years in the custody of the Department of Corrections. He has appealed from the judgment sentencing him in accordance with the verdict.

Norman McGurthy, a security detective employed by the E. J. Korvette Company, testified that on the afternoon of November 18, 1968, at about 5 o'clock he was on duty in the company's store in Cool Valley, St. Louis County, Missouri; that the building housing the store had two floors between which there was an area where security personnel could maintain surveillance of the first floor unseen by customers and store employees; that on the date and at about the hour mentioned he and Fred Crawford, another security detective, were at an observation point or post immediately above and had under surveillance the men's toilet or rest room on the first floor; that this rest room contained, in addition to urinals and wash basins, three commodes, each enclosed in its separate stall with a door; that the bottom of the partition wall between stalls

was about twelve inches from the floor; that he saw defendant, and later Russell Renick, enter adjoining stalls, drop their clothing from the waist down, and sit on the stools; that within a very few minutes he saw Renick, in this state of undress, lie on the floor on his side facing the partition wall and extend his erect penis under the partition into the adjoining stall and saw defendant commit the act of sodomy per os.

Detective McGurthy further testified that he maintained his surveillance of this area until Detective Crawford could get to the rest room to prevent defendant and Renick from leaving; that as soon as he saw Crawford arrive he left his post, went to the rest room, arrested defendant and Renick, and delivered them to the Cool Valley police.

Detective Crawford's testimony was substantially the same as that of Detective McGurthy.

Defendant and his wife testified. Her testimony is of no particular significance so far as our review is concerned. She testified that they have been married twenty-three years and have two children, one of whom is in college; that Mr. Norris has been a normal husband, and there has been no "marital disharmony or separation between [them] as a result of this charge * * *"; that he lost his job as a result of this charge and they thereafter moved to and now reside in Tulsa, Oklahoma.

Defendant, age 45, testified that he was graduated from the University of Tulsa in 1959 with a master's degree in clinical psychology; that on November 18, 1968, he was employed as a clinical psychologist by McDonnell-Douglas Corporation in St. Louis County and, prior to that employment, had worked for Douglas Aircraft Corporation in California for about thirteen years. He admitted that he was in the first floor rest room of the Korvette

store sitting on one of the commodes on the date and at the hour mentioned in the evidence, but denied that he committed the act of sodomy described by detectives McGurthy and Crawford.

The evidence is sufficient to sustain the conviction. State v. Wilson, Mo., 320 S. W.2d 525; State v. Rutledge, Mo., 267 S. W.2d 625[3, 4]; State v. Wilson, 361 Mo. 78, 233 S.W.2d 686[2, 3]; State v. Gurnee, 309 Mo. 6, 274 S.W. 58.

■ Of the several points briefed and relied upon by defendant as grounds for reversal of the judgment, only one may be said to have been presented to the trial court in the motion for new trial and thus preserved for review. That point is that the court erred in admitting any evidence of the alleged sodomy because, after the severance, the charge against his former codefendant, Renick, was reduced to gross lewd and lascivious conduct, a misdemeanor,[1] to which Renick pleaded guilty and was fined. The thrust of his argument is that Renick's plea of guilty to the reduced charge was tantamount to an acquittal of sodomy; therefore, (1) since Renick was acquitted, and (2) since sodomy requires the participation of two persons, he (defendant) may not be convicted of the offense, because one acquitted of the offense may not be counted as one of the two required to commit the offense. The two cases[2] cited by defendant in support of his position are not in point.

The assertion that the sodomy charge against Renick had been reduced to a misdemeanor and that he had pleaded guilty thereto and was fined is not supported by the record before us. However, assuming for the purpose of our decision that the record would so show, it does not logically follow that defendant may not be tried and convicted of a sodomitical act with Renick.

Even if we assume that Renick's conviction of the misdemeanor would prevent

---

1. Section 563.150, RSMo 1969, V.A.M.S.

2. State v. Dingman, Mo., 232 S.W.2d 919; State v. Katz, 266 Mo. 493, 181 S.W. 425.

Renick's subsequent prosecution for sodomy, as defendant contends, this result does not have the effect of eliminating Renick as one of the actual participants in the act, nor the effect of precluding the prosecution and conviction of defendant for the felonious act of sodomy.

Defendant is not represented by counsel on this appeal. The brief we referred to is his pro se brief. He was represented in the trial court by employed counsel of his own choice. His trial counsel filed a motion for new trial and after the motion was overruled, filed a notice of appeal. Our file shows that shortly after the notice of appeal was filed, defendant requested of his trial counsel that he withdraw as counsel on appeal, stating that he would be represented on appeal by a law professor, a relative, or, failing in securing the services of the professor, he would represent himself. We permitted trial counsel to withdraw as counsel on appeal, on counsel's application. Shortly thereafter defendant wrote the clerk of this court requesting that the record show that he would represent himself. In a reply to that letter, the court urged him to employ counsel of his own choice. From that point on there was an exchange of several letters between defendant and the clerk. Through the clerk's letters to defendant, he was informed by the court of the help which a lawyer could be to him in preparation of a brief. He was repeatedly urged to employ counsel and repeatedly informed that if he were indigent the court would appoint counsel to represent him on appeal. However, his only replies were that he was competent to represent himself and would do so; in fact, in the last letter from him he insisted that he had the right to represent himself without a lawyer. He appeared in person before the court on the day his case was set for argument and was again informed of the manner in which counsel could assist him in preparing briefs and arguing the case, the desirability and need for counsel, and that the court would, with his permission, appoint counsel who would represent him without charge. He insisted that he would still prefer to represent himself and would do so. Accordingly, the court permitted submission of the case without counsel.

 The record clearly demonstrates that he fully understood his rights and that he knowingly and intelligently waived his right to the assistance of counsel on appeal. His right to the assistance of counsel at this stage of the proceedings[3] includes the right to waive counsel. United States v. Warner, (8th Cir. 1970), 428 F.2d 730; Crider v. Swenson, (W.D.Mo. 1970), 316 F.Supp. 985[3]. Cf. State v. Gates, Mo., 466 S.W.2d 681; State v. Leigh, Mo., 466 S.W.2d 685 (concurring opinion of Donnelly, J., at 687).

The judgment is affirmed.

All of the Judges concur.

---

3. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33.