**STATE of Missouri, Plaintiff-Respondent,**

v.

**George ARNOLD, Defendant-Appellant.**

**No. 37020.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 9, 1976.

Marilyn Wallach and James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Presiding Judge.

Defendant-appellant, George Arnold, was charged with burglary in the second degree, tried by a jury, found guilty and sentenced by the court under the Second Offender Act to nine years in the department of corrections. He appeals and contends that the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to support a conviction of burglary in the second degree. We affirm.

On the evening of August 6, 1974, employees of Laclede Gas Company locked and secured an "assembly room" located at 4015 Duncan Avenue in the City of St. Louis. Mr. Joseph W. Horenkamp, whose duties included securing the building, locked the door and checked the windows and left about 4:30 in the afternoon. He was aided by Mr. Herbert J. Fernandez, the foreman of the construction service crew. Inside the "assembly room" there were located a "wire cage" and a "metal cabinet" which contained tools and other items. The men left for the day about 4:30 p.m.

When Mr. Horenkamp returned the next morning at about 6:30 a.m. one of the windows of the assembly room was broken and unlocked and another was open. The windows have a wire mesh. In one of the windows there was a hole approximately six inches in diameter. The contents of the cabinet and cage were taken out and were found inside the building but by a door. So far as the record shows, no items were actually taken out of the building.

The police were called, and the evidence technician unit dusted for fingerprints. Fingerprints were found on a piece of the glass which still clung to the window, and, upon analysis, a thumbprint and the fingerprints of two fingers of the defendant were found on the interior and exterior of the window glass. The thumbprint was found on the exterior portion of the window, and the two fingerprints were found on the interior portion of the glass. The prints were identified as the defendant's by Officer Gerald Hart, the supervisor of the Identification Division Latent Unit.

The appellant did not testify. Both at the conclusion of the state's case and at the close of the entire case, defendant moved for judgment of acquittal. The motions were overruled; the jury was instructed and found the defendant guilty of burglary. Motion for new trial was timely filed, and after allocution[1] was granted, the court imposed sentence.

On this appeal, appellant contends that the evidence was insufficient to support a conviction, because there was no substantial evidence to find that the defendant broke into a building with intent to steal valuable things which were kept therein.

In ruling on this matter, we are guided by certain basic tenets on the issue of whether a submissible case has been made in a criminal proceeding. We must consider the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the state. Such evidence may be circumstantial. *State v. Johnson*, 510 S.W.2d 485, 487 (Mo.App. 1974). Where evidence connecting the defendant with an offense is circumstantial,

1. At sentencing, defendant, who had had a nervous breakdown and had been hospitalized, did not remember anything about a burglary. No motion for a psychiatric examination was filed, because defense counsel felt there were no grounds to file a psychiatric motion. The matter of any mental disease or defect was not before the sentencing court. If, however, there is an issue of such disease or defect, there are appropriate methods to determine the validity of the verdict and sentence.

the circumstances relied upon must be consistent with each other, consistent with the hypothesis of guilt, inconsistent with any reasonable theory of innocence and point satisfactorily to guilt so as to exclude every other reasonable hypothesis of innocence. *State v. Cox*, 508 S.W.2d 716, 721 (Mo.App. 1974); *State v. Cain*, 507 S.W.2d 437, 441 (Mo.App.1974); *State v. Deutschmann*, 392 S.W.2d 279, 282 (Mo.1965).

■ Here, the defendant's fingerprints associated him with the breaking of the window and the movement of the items in the assembly room. This evidence has been consistently held sufficient to submit the case to the jury. In *State v. Thomas*, 452 S.W.2d 160 (Mo.1970), a case upholding a conviction of burglary based on fingerprint evidence, the court stated:

"[T]his Court has made it plain that the mere existence of other possible hypothesis is not enough to remove the case from the jury. If the judge were to direct acquittal whenever in his opinion the evidence failed to exclude every hypothesis than that of guilt, he would preempt the functions of the jury. Under such a rule the judge would have to be convinced of guilt beyond peradventure of doubt before the jury would be permitted to consider the case. That is not the place of the jury in criminal procedure. They are the judges of the facts and of guilt or innocence, not merely a device for checking upon the conclusions of the judge." *State v. Thomas*, supra, 452 S.W.2d at 162.

We believe that the circumstances here created a jury question as to whether the defendant broke into the assembly room with intent to steal valuables located therein.

■ The authorities are clear that consummation of an intent to steal in the offense of burglary is not necessary to complete the crime. *State v. Powell*, 357 S.W.2d 914, 917 (Mo.1962); *State v. Pigques*, 310 S.W.2d 942, 945 (Mo.1958). Evidence of a forcible breaking and entering by defendant into a building in which goods are kept under circumstances which would warrant an inference of an intent to steal is all that the statute requires. *State v. Parks*, 336 S.W.2d 369, 370 (Mo.1960). Such intent may and generally must be proved by circumstantial evidence, for as a rule it is not susceptible of direct proof. *State v. Shipman*, 354 Mo. 265, 189 S.W.2d 273, 275 (1945); *State v. Deutschmann*, supra, 392 S.W.2d at 283; *State v. Smith*, 357 S.W.2d 120, 123 (Mo.1962)—nothing taken, but things were "in confusion"; *State v. Cuffie*, 403 S.W.2d 633, 634 (Mo.1966); *State v. McBride*, 366 S.W.2d 374, 377 (Mo. 1963). In order to establish the requisite intent in the offense of second degree burglary, it is not necessary that the act of stealing be completed after the breaking and entry. *State v. Smith*, supra, 357 S.W.2d at 123.

Numerous decisions have upheld convictions based on fingerprint evidence in situations similar to the situation here. *State v. Thomas*, supra; *State v. Schleicher*, 442 S.W.2d 19, 21 (Mo.1969); *State v. Allen*, 420 S.W.2d 330, 333 (Mo.1967); *State v. Simmons*, 528 S.W.2d 8, 10 (Mo.App.1975); *State v. Mussman*, 526 S.W.2d 62, 64 (Mo. App.1975); *State v. Gray*, 504 S.W.2d 825, 826 (Mo.App.1974); *State v. Lane*, 497 S.W.2d 207, 209 (Mo.App.1973); Annot., 28 A.L.R.2d 1115 (1953). The fingerprints of the defendant were found on both the interior and exterior of the window glass. There was evidence that fingerprints normally last only about thirty-six hours.

We therefore hold that there was substantial evidence to submit the case to the jury and to support the finding of the jury.

We have read the transcript, the briefs and authorities relied upon by the parties and are convinced that the judgment of conviction should be affirmed.

The judgment is affirmed.

KELLY and GUNN, JJ., concur.