George ARNOLD, Movant,
Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 38218.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Huck, Kasten & La Beaume, James W. Huck, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion to vacate and set aside his conviction and sentence for second degree burglary. For a review of his conviction and the facts surrounding it, see *State v. Arnold,* 534 S.W.2d 836 (Mo.App.1976).

Movant contends the trial court erred in denying his Rule 27.26 motion without an evidentiary hearing. He urges he should be allowed to prove he was denied effective assistance of counsel because his attorney failed to investigate the testimony of an alleged witness and failed to file a motion to suppress evidence.

The ultimate test in determining the adequacy of legal representation is whether the efforts and conduct of counsel so prejudiced the movant that he was denied a fair trial. *Hall v. State,* 496 S.W.2d 300, 303[3] (Mo.App.1973); *Fritz v. State,* 524 S.W.2d 197, 199[1] (Mo.App.1975). Movant must demonstrate that fuller investigation by counsel would have uncovered substantial evidence, or evidence that would provide a defense. Evidence at the trial proved defendant's thumbprint was found on the exterior of a broken window glass and two fingerprints on the interior of the same piece of glass. *State v. Arnold, supra* at 837. In the instant motion, he asserts that the testimony of an alleged witness would explain the presence of movant's fingerprints at the scene of the crime in that he and the witness were at the premises burglarized looking for a job. Unfortunately, such testimony would not provide a defense, such as alibi, for movant. He must plead facts, not conclusions, which if true would entitle him to relief and must show that such facts are not refuted by facts elicited at the original hearing or trial. *Smith v. State,* 513 S.W.2d 407, 410[1] (Mo.

banc 1974). Movant has failed to meet his burden of showing by his pleading that he was so prejudiced by counsel's failure to investigate that he was denied a fair trial. *Sherrill v. State,* 515 S.W.2d 611, 613[5] (Mo.App.1974); *McKnight v. State,* 497 S.W.2d 201, 204[4] (Mo.App.1973). Finally, the fact that counsel did not file a motion to suppress evidence does not of itself constitute ineffective assistance of counsel. *Lewis v. State,* 513 S.W.2d 772, 774[2] (Mo. App.1974); *State v. Worley,* 371 S.W.2d 221, 223[6] (Mo.1963).

In the present case, the trial court patiently made extensive findings of fact and conclusions of law which demonstrated that movant was not entitled to relief. From our review of the record, we find that the trial court was not clearly erroneous in denying the Rule 27.26 motion without an evidentiary hearing.

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.