**STATE of Missouri, Respondent,**

v.

**Jerry GRAHAM, Appellant.**

**No. 45091.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Application to Transfer Denied Oct. 18, 1982.

Scott E. Walter, Public Defender, Benton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Robert B. Fuchs, Pros. Atty., Benton, for respondent.

CRANDALL, Judge.

Defendant, Jerry Graham, appeals from his conviction of rape. He was sentenced pursuant to § 558.016.2, RSMo 1978, to twenty years imprisonment.

Defendant claims in his sole point on appeal that the evidence was insufficient to support the jury's verdict. We disagree and affirm the judgment.

Defendant's complaint necessitates a review of the evidence and reasonable inferences therefrom in a light most favorable to the verdict. All contrary evidence and adverse inferences must be disregarded. *State v. Means,* 628 S.W.2d 426, 427 (Mo. App.1982).

Viewed from this perspective the evidence tended to show that, on the night of October 24, 1980, the victim, J. K. was driven to a shopping mall in Sikeston, Mis-

souri, by her sister. J. K. went to the mall to buy a calendar and a carton of Marlboro cigarettes. After making her purchases, J. K. left the mall and walked into the cemetery toward her house. The route through the cemetery was a "shortcut" between her home and the shopping mall which she frequently used. As she entered the cemetery she felt as if someone was following or watching her. She turned and saw the defendant and a companion, Scott Gordon, standing approximately 150 feet from her at the entrance to the mall. She continued walking through the cemetery. Defendant and Scott began to follow her. When she was approximately half-way home, defendant said to Scott "let's run." Both men ran up to her. Defendant attacked her from behind forcing her to the ground. Defendant began searching her pockets. He pulled a cigarette from her jacket, handed it to Scott and instructed him to run away, which he did. Defendant then pulled her sweater and jacket over her head thus preventing her from making any identification of her assailant. He warned her not to move or he would hurt her. Defendant removed her pants and underpants and raped her. As he left the scene defendant warned her not to move or call the police or he would kill her. Defendant, carrying a carton of Marlboro cigarettes, rejoined Scott Gordon telling Scott that he had thrown her pants over "a couple of tombstones" so they could make their escape. Scott testified the motive for the attack was robbery.

There were no eyewitnesses to the actual rape; the State's case was based on circumstantial evidence. To make a submissible case the State was required to present evidence of circumstances consistent with each other, consistent with the hypothesis of guilt and inconsistent with all reasonable hypotheses of innocence. *State v. Arnold,* 534 S.W.2d 836, 838 (Mo.App. 1976). The evidence presented, when viewed in a light favorable to the verdict, satisfied this test. The State made a sub-

missible case and the evidence was sufficient to support the jury's verdict.

The judgment is affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.