**Roy V. McCASLAND, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 1211.**

United States District Court
W. D. Missouri,
Central Division.

Aug. 7, 1967.

—◇—

Roy V. McCasland, pro se.

Norman H. Anderson, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner, an inmate at the Missouri State Penitentiary at Jefferson City, seeks leave to file a second petition for a writ of habeas corpus *in forma pauperis*. Leave to so proceed will be granted. For reasons to be stated, it will be dismissed without prejudice.

On January 17, 1967 we dismissed petitioner's first petition for federal habeas corpus without prejudice in order to permit the exhaustion of available State court remedies pursuant to Missouri Rule 27.26, V.A.M.R. Petitioner alleges in his present petition that he has in fact filed a Missouri Rule 27.26 motion in the Circuit Court of Morgan County, Missouri, together with what petitioner called a motion for Nunc Pro Judgment; that both motions were denied; and that appeals are presently pending in the Supreme Court of Missouri in regard to both motions.

Petitioner also alleges that he filed a second petition for original habeas corpus in the Supreme Court of Missouri. The files and records produced in connection with petitioner's first federal habeas, No. 1096, show that petitioner's first original habeas corpus petition in the Supreme Court of Missouri, No. 51843 in that Court, was dismissed for failure to state

a claim. In his second petition in this Court petitioner quotes a letter from the Clerk of the Supreme Court of Missouri which advised petitioner that on June 12, 1967 that Court had entered an order in No. 53035 denying him leave to file a second habeas petition in that Court because "all matters alleged [in the second petition] have heretofore been presented and denied in a previous petition for a writ of habeas corpus."

In paragraph 16 of his present petition, petitioner alleges that "although the appeals [from the denials of his Missouri Rule 27.26 motion and motion for Nunc Pro Tunc Judgment] are yet pending, they have been adjudicated against the petitioner by the Missouri Supreme Court, denial of the petitioner's petition for a Writ of Habeas Corpus at Case No's. 51843, 53035, State v. King, 379 S. W.2d 522." Petitioner alleges that "to await further relief of the Missouri State Courts herein is improvident" and that his State court remedies have been completely exhausted.

While it is true that in State v. King, supra, the Supreme Court of Missouri mentioned earlier postconviction proceedings filed by the petitioner there involved, that case in no way intimated that a denial of a petition for original habeas corpus in the Supreme Court of Missouri on a ground other than a determination of the merits would later be considered controlling in a subsequent appeal from a denial of a properly filed Missouri Rule 27.26 motion. It is apparent from many of the recent decisions of the Supreme Court of Missouri, particularly those decided after that Court amended its Rule 27.26, that petitioner's contention is untenable and that petitioner's pending appeal from the denial of his Missouri Rule 27.26 motion by the Circuit Court of Morgan County, Missouri, will be heard and determined on the merits as any other such appeal.

Should petitioner's fear that the Supreme Court of Missouri will consider its action in connection with petitioner's two petitions for original habeas corpus as binding prove to be well founded, a different question would be presented. But such a question is not now presented. We rule the case before us and for the reasons stated, it is

Ordered that petitioner's second petition for writ of habeas corpus should be and is hereby dismissed without prejudice in order that petitioner's available State court remedies may be exhausted.