STATE of Missouri, Respondent,

v.

Charles UMFLEET, Appellant.

No. 40097.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 21, 1979.

John D. Ashcroft, Atty. Gen., Jefferson City, Hugh C. Roberts, Jr., Pros. Atty., St. Francois County, Farmington, for respondent.

Ronald Pedigo, Public Defender, Farmington, for appellant.

DOWD, Presiding Judge.

A jury convicted Charles Umfleet of selling LSD, a Schedule I controlled substance, to Dennis Becker of the St. Louis Metropolitan Police Department. He was sentenced by the court to twelve years imprisonment pursuant to the Second Offender Act, Section 556.280. Umfleet appeals.

Officer Becker, accompanied by another officer and an informant, contacted Umfleet in a bar in St. Francois County at 9:30 p. m. on September 15, 1976. The informant asked Umfleet if he had "anything". Umfleet answered that he did not but that they should return to the bar in one-half hour and he would. At 10:00 p. m. the trio again approached Umfleet. This time Umfleet told Officer Becker that he could get them all the mescaline they wanted for $2.00 a hit. Becker gave Umfleet $20.00 for ten hits. Umfleet took the cash and walked out onto the bar's front porch where the officers observed a man named Satterfield handing Umfleet a number of small orange pills. Umfleet returned to the inside of the bar and gave the pills to Becker. Chemical analysis subsequently revealed that the pills contained Lysergic Acid Diethylamide, otherwise known as LSD.

The appellant was charged by information under Sections 195.240 and 195.200 RSMo 1969. At the close of the State's evidence, the appellant moved for a judgment of acquittal charging that the information incorrectly listed § 195.240 rather than § 195.020. The court overruled the motion as hypertechnical.

While giving expert testimony Richard Chaklos, a chemist for the Drug Enforcement Administration, stated that amounts of LSD anywhere from 15 to 100 micrograms could have an effect on a person's body. The court overruled the appellant's objection that the statement was irrelevant.

The appellant relied on an alibi defense, calling his wife, his wife's cousin Barbara Dixon, and Barbara Dixon's husband to testify that Charles Umfleet had been visiting the Dixons in Springfield, Missouri at the time of the sale. The State objected to defense counsel's reference to a statement Barbara Dixon had given to appellant's former attorney. The court sustained the objection on the grounds that appellant had not produced the statement in response to the State's motion for discovery. The court also refused to admit a picture of the appellant's motorcycle on the same grounds.

Since the information charged appellant under the Second Offender Act, the court was to impose sentence on appellant if convicted. During the course of the instruction conference, in response to a motion by the prosecutor, the court instructed the defense counsel not to mention minimum or maximum punishment during his closing argument. The prosecutor commented during his argument that it was not the jury's responsibility to fix punishment.

The appellant asserts the following points relied on in this appeal: (1) that the evidence was insufficient to support the conviction; (2) that he was denied effective assistance of counsel; (3) that Missouri's discovery rules are unconstitutional; (4) that Barbara Dixon's statement and (5) the photograph of appellant's motorcycle should have been admitted; (6) that the Assistant Prosecutor who tried the case was unqualified; (7) that certain comments the prosecutor made were unfair; (8) that the information was defective; (9) that part of the chemist's testimony was irrelevant, incom-

petent, immaterial and without proper foundation; (10) and, that LSD should not be a Schedule I controlled substance.

Appellant contends that the evidence was insufficient to show that he was the seller of the drugs. He argues that he was a mere go-between and that the trial court should have directed a verdict in his favor.

■ On the night of the sale, the appellant took the money from Officer Becker, went out to the bar's front porch, got the drugs from Satterfield, returned to the table where Becker sat and gave Becker the drugs. Appellant claims that these facts show that he acted as an agent of the police and was merely a go-between for the police and the actual seller, Satterfield.

In determining the sufficiency of the evidence, the appellate court should only decide whether the evidence was substantial enough to submit the case to the jury. *State v. Longmeyer*, 566 S.W.2d 496, 499 (Mo.App.1978). The above described facts could reasonably support a jury finding that the appellant was the actual seller of the LSD. The contention is without merit.

■ Appellant next claims ineffective assistance of counsel. A claim of ineffective assistance of counsel will not normally be considered on direct appeal from a conviction. *State v. Hamell*, 561 S.W.2d 357, 361 (Mo.App.1977). A hearing under Rule 27.26 VAMR is better suited to determine the relevant facts. *State v. Robinson,* 551 S.W.2d 309, 312 (Mo.App.1977). This court will, however, consider such a claim as plain error if the record completely discloses the facts necessary for a determination in each instance of alleged ineffectiveness. *State v. Evans,* 559 S.W.2d 641, 642 (Mo.App. 1977).

Here the appellant alleges that his counsel was ineffective in failing to preserve a record or make an offer of proof of Barbara Dixon's statement, in failing to raise certain points in his motion for a new trial and in failing to be adequately prepared for trial. Insufficient facts appear in the transcript to determine that these alleged failures ac-

tually constituted ineffective assistance of counsel. Since there is no complete disclosure of the relevant facts in the transcript, point two is ruled against appellant.

■ The third assignment of error which the appellant raises challenges Missouri's discovery rules as unconstitutional. He asserts that defendants are required to release detailed statements made by alibi witnesses while the State is not required to disclose the names of persons it intends to call to rebut alibi witnesses. This, he claims, violates his right to due process of the law.

Appellant's contention apparently results from an incorrect reading of the law. The Missouri Supreme Court has specifically held in *State v. Curtis*, 544 S.W.2d 580, 582 (Mo.banc 1976) that due process requires the State to reveal its alibi rebuttal witnesses when the defendant has indicated an intention to call alibi witnesses and has revealed their identities to the State. Point three is ruled against the appellant.

■ The fourth issue appellant raises concerns the exclusion of Barbara Dixon's statement for failing to disclose its existence in discovery.[1] He claims that the statement was admissible to controvert an attack on Mrs. Dixon's credibility made by the prosecutor during cross-examination.

This point was not included in appellant's motion for a new trial and so cannot be considered in this appeal. *State v. Flynn,* 541 S.W.2d 344, 348 (Mo.App.1976). It can be considered on review under the plain error doctrine of Rule 27.20 VAMR, but only if the criticized action resulted in manifest injustice or a miscarriage of justice.

■ We do not believe the court's exclusion of this statement resulted in manifest injustice or a miscarriage of justice. The appellant failed to comply with Rules 25.-34(A)(2) and 25.37 VAMR which required him to produce the statement when requested to do so. Exclusion of the statement was a proper remedy for that failure under Rule 25.45 VAMR.

1. The record does not disclose the contents of the statement.

The reasoning used in deciding appellant's fifth point is identical to that used in the fourth. Here the court excluded a photograph of appellant's motorcycle for failing to supply it in response to the State's request. Appellant claims that the photograph was admissible to rebut the State's evidence as to the motorcycle's make and color.

Since appellant failed to comply with Rules 25.34(A)(3) and 25.37 VAMR, exclusion again was proper under Rule 25.45 VAMR. Points four and five are ruled against the appellant.

■ In his sixth point, appellant challenges the qualifications of the assistant prosecuting attorney who tried this case. He charged that the assistant prosecutor had only been a resident of St. Francois County for a few days and not for the twelve months he alleges is required. This, the appellant asserts, deprived the court of proper jurisdiction. We disagree. A similar contention was rejected in *State v. King*, 379 S.W.2d 522 (Mo.1964). In *State v. King*, supra, the court held that a quo warranto proceeding, as set out in § 531 VAMS, is the proper method for challenging a public officer who usurps, unlawfully holds or unlawfully executes any office. This court will not attempt to determine a prosecutor's qualification in a direct appeal. Point six is ruled against the appellant.

■ In his seventh point appellant complains that the prosecutor was allowed to comment to the jury during argument that it was not the jury's duty to fix punishment while the defense counsel was prevented from mentioning minimum or maximum punishment in his argument. Appellant claims that this was unfair because it imposed restrictions on him which were not imposed upon the prosecution.

Defense counsel failed to object to the prosecutor's comment about fixing punishment at the time it was made. A comment which was not objected to during argument cannot be reviewed unless it was so offensive and prejudicial that the court should have halted the argument sua sponte.

*State v. Goodwin*, 352 S.W.2d 614, 620 (Mo. banc 1962). Such comments may be considered as plain error if they result in manifest injustice or miscarriage of justice. (Rule 27.20 VAMR). It will be unusual, however, for a court to find that a prosecutor's comments even satisfy the threshold plain error requirement that substantial rights of the defendant were affected. *State v. Brown*, 528 S.W.2d 503, 505 (Mo. App.1975).

The appellant has failed to show how the prosecutor's comment was either offensive or prejudicial. Neither has he demonstrated that substantial rights of the appellant were affected. Accordingly, point seven is ruled against appellant.

■ In his eighth point, appellant alleges that the court erred in overruling his objection to the information. He contends that the court lacked jurisdiction since the information's caption listed the statute which prohibits the sale of Schedule III, IV and V controlled substances rather than the statute barring the sale of *any* controlled substance.

The information charged that appellant sold to Dennis Becker "a controlled substance, to wit: Lysergic Acid Diethylamide, a substance listed as a controlled substance by the Missouri Division of Health as a Schedule I controlled substance." The information's caption listed the applicable statutes as RSMo 1969, § 195.240 and § 195.200. While § 195.200 was the correct penalty section, in that it deals with penalties for violating provisions pertaining to Schedule I and II substances, § 195.240 was the incorrect conduct section since it deals with the possession, sale or distribution of Schedule III, IV, or V substances. The caption should have listed § 195.020 which, among other things, prohibits the sale of any controlled substance.

Rule 24.01 VAMR requires an information to list the Revised Missouri Statutes proscribing the conduct charged. By listing the wrong statute, the appellant claims that the court lacked proper jurisdiction. We disagree. In *State v. Healey*, 562 S.W.2d 118, 129–130 (Mo.App.1978), the court stated:

"The rules for judging the sufficiency of an information or indictment are that it must state essential facts constituting the offense charged and must adequately notify a defendant of the charge against him and constitute a bar to further prosecution for the same offense."

In addition, Rule 24.11 VAMR states that no information should be held invalid which does not prejudice the defendant's substantial rights as long as it fully informs him of the offense charged.

Here, although the caption did indicate that appellant was being charged with selling a Schedule III, IV or V controlled substance, there could have been no doubt as to what offense was charged. The body of the information plainly charged him with selling Lysergic Acid Diethylamide, a Schedule I controlled substance. Also, the penalty section which appeared in the caption was the penalty section pertaining to Schedule I and II controlled substances.

This court has held that when the information fails to state the schedule the particular substance belongs, the information will not be fatally defective if the substance is identified and the name of the substance appears in only one schedule. *Merrill v. State*, 576 S.W.2d 561, 462 (Mo.App.1978). The information in the present case clearly identified which substance appellant was being charged with selling and the schedule it belonged. The caption correctly listed the applicable penalty section for selling Schedule I substances. The information, therefor, notified the appellant of the charged offense and constituted a bar to further prosecution for that offense. Point eight is ruled against appellant.

 Appellant, in his ninth point, complains that the court erred in allowing the chemist who testified for the State to give an opinion as to the amount of LSD which would be required to have an effect on the human body. He claims that this opinion was incompetent, irrelevant, immaterial and not based on proper foundation.

The State called Richard Chaklos, a forensic chemist for the Drug Enforcement Administration, to testify as to the chemical composition of the substance the appellant sold to Officer Becker. The direct examination of the chemist was as follows:

"Q. Now, did you form an opinion as to what the compound was?

A. Yes, I did.

Q. What was your opinion?

A. I found that the nine whole and the partial tabs contained 30.8 micrograms of Lysergic Acid Diethlamide [sic], commonly known as LSD, per tab.

Q. 30.8?

A. Micrograms.

Q. Micrograms. What does Lysergic Acid Diethlamide [sic], or LSD, what kind of substance is it?

A. It's a hallucinogen.

Q. When you say 'hallucinogen' what do you mean by hallucinogen?

A. A compound who has—its effect, or one of its effects upon a body of causing perhaps disorientation, fantasies, something of that type.

Q. Do you know how much LSD it takes before it has an effect on a body?

Defense Attorney: Now, Judge, I'll object to that as being irrelevant.

The Court: Overruled.

The Witness: The question again, please?

Prosecutor: Q. Do you know how much LSD, Lysergic Acid Diethlamide [sic] a hallucinogen, it takes before it has an effect on a person's body?

A. Well, there is some biological variations. I would say, in my opinion, anywhere from fifteen micrograms to one hundred micrograms."

An appellant waives his right to have testimony excluded from evidence when he fails to object to prior testimony of the same tenor when it is first given. *Marshall v. Bobbitt*, 482 S.W.2d 439, 444 (Mo.1972). *State v. Patterson*, 516 S.W.2d 571, 574 (Mo. App.1974). This case is analogous to *Marshall*, supra, in which a Highway Patrol

Trooper testified extensively about skid marks, referring to a blackboard copy of a chart he had prepared in his investigation which showed the skid marks leading up to the decedent-defendant's vehicle. An objection was made, however, when the Trooper gave his opinion that the skid marks were caused by the defendant's vehicle. The court held that since he had failed to object to the prior testimony of the same tenor he had waived his right to have it excluded when he did object.

In the present case, when the appellant failed to object to the chemist's testimony as to the effects of LSD on the human body, he waived his right to have subsequent testimony of the same tenor excluded. Therefore appellant waived the right to exclude testimony as to amounts of LSD needed to produce the effects described in the prior answer. Point nine is ruled against the appellant.

In his tenth point, appellant requests this court to take judicial notice that LSD has accepted medical uses and thus should not be classified as a Schedule I controlled substance.

Appellant cites no authority in support of this fact but merely states that it is true and is a matter of common knowledge. This court is not required to take judicial notice of factual matters. *Schilling v. Bi-State Development Agency*, 414 S.W.2d 818, 826 (Mo.App.1967). We are not prepared to do so here. Point ten is ruled against appellant.

Finding no reversible error in this record, the judgment is affirmed.

SATZ, J., and ALDEN A. STOCKARD, Special Judge, concur.