STATE of Missouri, Respondent,

v.

Arnold HORD, Appellant.

No. 42271.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1981.

---

Daniel P. Reardon, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Henry T. Herschel, Asst. Attys. Gen., Jefferson City, Thomas J. Brown, III, Jefferson City, for respondent.

REINHARD, Judge.

Defendant was tried and convicted by a jury for the offense of sale of a controlled substance, marijuana, and sentenced to a term of fifteen years in the Division of Corrections. He now appeals.

Defendant's first point on appeal contends that the trial court lacked jurisdiction over the trial of this case because the information upon which defendant was charged was insufficient in that it failed to contain citations to the section of the Revised Statutes of Missouri which proscribed the conduct charged, and to the section setting forth the penalty for such conduct. This point was not raised at trial and appears for the first time on appeal.

At the time defendant was charged and tried, former Rule 24.01(a) was in effect.[1] It provided, in part, that an information "shall" contain "the section of the Revised Statutes of Missouri which proscribes the conduct charged, [and] the section of the statutes which fixes the penalty or punishment therefor . . . ." The information here obviously failed to do so.[2] It is well settled, however, that "no information should be held invalid which does not prejudice the defendant's substantial rights as long as it fully informs him of the offense charged."

---

1. Presently, Rule 23.01(b), effective January 1, 1980 contains provisions substantially the same as those of former Rule 24.01(a).

2. The information stated:
   Thomas J. Brown, III, Prosecuting Attorney within and for Cole County, Missouri, upon his oath of office informs the Court and charges that the defendant, Arnold Hord, at Cole County, Missouri, on or about the 21st day of November, 1978, did willfully, unlawfully and feloniously sell a quantity of a certain controlled substance, to-wit: marijuana, the same being a Schedule I controlled substance, the sale of which is prohibited by the statutes of the State of Missouri, to-wit: Chapter 195 RSMo, to Joe Wojcik, for the sum of One Hundred Thirty-Five Dollars ($135.00) in the lawful currency of the United

*State v. Umfleet*, 587 S.W.2d 612, 617 (Mo. App.1979); Rule 23.11, former Rule 24.11.[3]

■ Although the failure to include the statutory citations in the information violated the Supreme Court Rule, and is not a practice to be encouraged, after carefully examining the record, we conclude that the information was adequate to inform defendant of the essential facts and nature of the charge against him,[4] and that there was no showing that defendant's substantial rights were prejudiced by the omission of the section numbers. Indeed, defendant admits that he was aware of the charge and the range of punishment, and does not contend that he was prejudiced in any manner by the omission. We hold that the information was valid, and that the trial court therefore had jurisdiction over defendant's trial. *State v. Harris*, 598 S.W.2d 200, 202 [1, 2] (Mo.App.1980); *State v. Umfleet*, 587 S.W.2d 612, 616–17 [8, 9] (Mo.App.1979).

In his second point on appeal, defendant argues that the court erred in overruling his motion for a continuance. It appears that defendant sought the continuance so that he might attempt to secure the presence at trial of possible alibi witnesses.

■ An application for a continuance is addressed to the sound discretion of the trial court, and an appellate court will not interfere unless it clearly appears that the trial court abused its discretion. *State v. Oliver*, 572 S.W.2d 440, 445 [2] (Mo. banc 1978). Here, the trial date had been set for approximately five weeks, but defendant did not inform his attorney of the witnesses until eight days before trial, and subpoenas for the witnesses, all of whom resided outside the circuit, were not sought until three days before trial. Further, defendant's motion failed to comply with Rule 25.08, in effect at that time,[5] since it failed to show that due diligence had been used by defendant to obtain the witnesses, and that their attendance could be procured within a reasonable time. The trial court therefore committed no error in denying defendant's motion. *State v. Murry*, 580 S.W.2d 555, 557–58 [9–11] (Mo.App.1979).

Defendant's third point asserts that the trial court erroneously and prejudicially refused defendant's request that a prosecution witness and the jury be permitted to view an automobile parked outside the courthouse.

■ The decision whether the jury should be permitted to view a piece of evidence located outside the courtroom is left to the sound discretion of the trial judge. *State v. McAnulty*, 491 S.W.2d 259, 261 [2] (Mo.1973). Here, since testimony was available to adequately establish the appearance of the automobile in question, we hold that the court's denial of defendant's request was not an abuse of discretion. *See State v. Cuffie*, 403 S.W.2d 633, 634–35 [3, 4] (Mo.1966).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

States, against the peace and dignity of the State.

3. Rule 24.11, effective at the time of trial, was subsequently replaced by present Rule 23.11.

4. We note that the information, except for the section numbers of the statutes, contains substantially the same data that is provided for in the appropriate approved charge. *See* MACH–CR 32.06.10. We also note that the information did cite the appropriate chapter of the Revised Statutes, Ch. 195, and that within this chapter only one section proscribes the conduct alleged (§ 195.020) and only one section sets forth a penalty for such conduct (§ 195.200). Thus, the likelihood of any confusion on defendant's part by the omission was not great. Indeed, these very sections are cited in defendant's brief on appeal.

5. Rule 24.10 effective January 1, 1980, now replaces former Rule 25.08, and is substantially the same.