**Charles UMFLEET, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43324.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 21, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Gary L. Robbins, Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Kristie Green, Asst. Attys. Gen., Jefferson City, Stephen Limbaugh, Jr., Pros. Atty., Cape Girardeau, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding. Movant was convicted by a jury of unlawful sale of a controlled substance, § 195.020, RSMo.Supp. 1975, and sentenced to a term of twelve years imprisonment. The conviction was affirmed in *State v. Umfleet,* 587 S.W.2d 612 (Mo.App. 1979).

On February 8, 1980, movant filed a Rule 27.26 motion alleging ineffective assistance of counsel at trial. On August 6, 1980, the Rule 27.26 judge denied the motion without an evidentiary hearing. We affirm.

Movant contends that the "allegations and issues of fact raised ... are sufficient to entitle him to an evidentiary hearing ...." We disagree. The allegations in movant's Rule 27.26 motion are that his trial attorney failed to introduce evidence, motel receipts and a witness, relevant to movant's defense of alibi and failed to comply with discovery rules, thereby preventing the introduction into evidence certain statements and photographs. These allegations are refuted by the record. Additionally, movant's contentions are conclusory or have been previously determined on direct appeal in *State v. Umfleet, supra.* These allegations are not sufficient to entitle movant to an evidentiary hearing on his Rule 27.26 motion. *Burnett v. State,* 573 S.W.2d 380, 381 (Mo.App. 1978); *Zinn v. State,* 588 S.W.2d 177, 178 (Mo.App. 1979); *Fields v. State,* 572 S.W.2d 477, 480 (Mo.banc 1978).

Movant next complains that the Rule 27.26 judge used the wrong standard to determine whether movant was entitled to an evidentiary hearing. We disagree. The record reveals the Rule 27.26 judge applied the appropriate standard in denying movant's Rule 27.26 motion without evidentiary hearing. *Fields v. State, supra* at 480; *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979).

The Rule 27.26 judgment is based on findings of fact which are not clearly erroneous. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16 (b).

REINHARD and SNYDER, JJ., concur.