**STATE of Missouri, Respondent,**

v.

**Patricia WATTS, Appellant.**

No. 51774.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 27, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Douglas D. Koski, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant mother appeals jury convictions for two counts of abuse of child, Class "D" felonies. Section 568.060.1 RSMo *1978.* The jury determined sentences of four years on each count. The court sentenced defendant to serve four years on Count I. It added a consecutive four year sentence on Count II, but sus-

pended execution on this count subject to five years of probation. The indictment alleged the crimes occurred between October 1, 1984 and January 1, 1985. In 1984, Section 568.060.3 RSMo 1978 was amended to make these crimes Class "C" or Class "B" felonies. Defendant therefore received the benefit of being charged under the 1978 statute for acts which were alleged to have occurred after the crime was upgraded. The amendment did not change the definition of the crime. The sentence determined by the court falls within the range for either a Class "D" or Class "C" felony. The crime is defined in both the old and the amended statute to be knowing infliction of "cruel and inhuman punishment upon a child less than seventeen years old."

The state's evidence included a cassette tape recorded statement of defendant given on January 30, 1985 at her request. The statement contained admissions that she tied her sons, Raymond Lewis, age four and Torrell Lewis, age two, and beat them with belts and electrical cords. Other witnesses testified without objection that she admitted "discipline" after tying the children which included use of a belt and an electrical cord.

On January 28, 1985 Maplewood Police Officers transported Raymond to the St. Louis County Hospital. He was transferred to Children's Hospital where he died prior to February 2, 1985. The record does not disclose the date of death. The cause of death was not related by evidence to acts of the defendant.[1] There was also photographic evidence and medical testimony about the extent of injuries from beatings which included scars indicating the use of a belt and extension cord.

Defendant does not question the sufficiency of the evidence as described. The only claim of error is that the court permitted Patrolman Floyd Gates to testify defendant at St. Louis County Hospital expressed no concern for Raymond's condition, laughed and joked with her husband and was preoccupied with a concern as to when she would be permitted to eat. The trial court reserved a ruling on a pre-trial motion in limine on this evidence. The motion asserted as grounds to prohibit this testimony: 1. It would only be inflammatory; 2. It had no probative value on the issue of guilt or innocence; and, 3. If probative of anything it would be more prejudicial than probative.

We reject the response of the state that the error is not preserved for failure to timely object at trial. The issue was presented to the trial court in a motion for new trial. When Officer Gates began his direct testimony the court held an off-the-record discussion immediately after witness Gates was asked to describe defendant's demeanor at St. Louis County Hospital. The court then said, "[l]et the record reflect there was an objection interposed, and I'm overruling it." We cannot review the objection not detailed in the record. In the context of the motion in limine and the reserved ruling we assume the limine grounds were asserted at trial and rejected. A subsequent "no foundation" objection was also overruled. We elect not to treat the issue as unpreserved or to rely upon a finding that the objection was insufficient and look to the merits.

For several reasons the objections were well taken. First, there was no evidence that defendant was aware of the seriousness of Raymond's condition while he and she were at St. Louis County Hospital. Without such knowledge her demeanor was probative of nothing relevant to the crimes charged. It is pertinent to remember the cause of emergency hospitalization was not the "discipline" acts of defendant. Second, her inattention or lack or remorse, in itself, did not tend to prove guilt of the charged acts. The theory of the defense was twofold. Defendant claimed she merely "disciplined" children and defense counsel inferred and argued to the jury that defendant's new husband was the real culprit. These defenses were not diminished by the

[1]. The pathologist testified on cross-examination that Raymond "died from head injuries caused by violent shaking done for punishment."

**504**

evidence. Third, in context, her demeanor was as consistent with innocence as with guilt. If the court erred in allowing the evidence we find the error was not prejudicial.

█ When considering claims of error relating to the admission of evidence we review for prejudicial error. *State v. Jordan*, 664 S.W.2d 668, 671 (Mo.App.1984); *State v. Miller*, 664 S.W.2d 229, 231 (Mo. App.1983). We find defendant was not prejudiced by the admission of this evidence in the present case for the following reasons. First, evidence of guilt, including admissions by the defendant was strong. The evidence that defendant tied and beat her young sons with a belt and electrical wires stands unopposed and unquestioned.

Second, without objection Sue LaFata, a social worker, gave substantially the same testimony of defendant's lack of concern. She testified just before Officer Gates. Defendant relied upon observations of a state's witness that she had a lack of capacity to know and understand the gravity of the situation which explained her demeanor. The testimony of LaFata and Gates was used by defendant to support that argument. Testimony of LaFata was similar to Gates' testimony. LaFata testified in regard to an interview that occurred sometime after the incidents at St. Louis County Hospital. Her testimony was not merely cumulative. Because of the differences of time and circumstance we find that the unopposed admission of the testimony of LaFata does not constitute a waiver of the objection to Gates' testimony. *See, State v. Umfleet*, 587 S.W.2d 612, 617 (Mo.App.1979). However, it is relevant to a determination of whether the testimony of Officer Gates was prejudicial. It mitigates against the possibility of prejudice.

Third, the objectionable evidence did not negate the defense of lack of knowledge of serious condition, lack of capacity to appreciate the seriousness of injury, and, blame of defendant's husband. In defense, the defendant did not dispute the evidence of her demeanor. An argument was available to defendant that while at St. Louis County Hospital she was not aware of the serious

medical condition of her son Raymond. In argument defendant referred to the testimony of Officer Gates as evidence of her lack of ability to understand. The evidence was neither unexplained nor inherently inconsistent with defendant's trial theories of innocence. For these reasons we are left with no doubt that the evidence was not prejudicial in the determination of guilt or innocence.

█ Error in the admission of evidence should not be declared harmless unless it is so beyond a reasonable doubt. *State v. Wright*, 582 S.W.2d 275, 277 (Mo.1979). *State v. Miller*, 664 S.W.2d 229, 231 (Mo. App.1983). Before this court defendant claims, but has not described the manner in which she was prejudiced. Defendant bears the burden of showing both error and prejudice. *State v. Bullington*, 680 S.W.2d 238, 242 (Mo.App.1984). We find no demonstrated prejudice within the given standard.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.